FILED
US DISTRICT COURT
DISTRICT OF ALASKA

2005 DEC 12 AM 11:02

DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE,<br>　　　　Defendants. | No. A05-110 CV (JKS) |

MOTION FOR ENTRY OF DEFAULT AND
CLARIFICATION REGARDING DATE OF SERVICE
ON DEFENDANT SHARRON LIE

Pursuant to the court's order of November 30, 2005, the plaintiffs move the court for entry of default against defendant Sharron Lie.

The status of Ms. Lie as a defendant in this action has been the subject of considerable confusion.

On October 14, 2005 the plaintiffs filed a First Amended Complaint that joined Ms. Lie as a defendant. See Clerk's Docket No. 12.

Pursuant to Rule 4(e)(1) of the Federal Rules of Civil Procedure and Rule 4(h) of the Alaska Rules of Civil Procedure, on that same date the plaintiffs served Ms. Lie by mailing an envelope that contained a summons and a copy of the First Amended Complaint to her in Kotzebue. The envelope was sent by certified mail, return receipt requested, restricted delivery.

On October 20, 2005 the U.S. Postal Service delivered to the plaintiffs' attorney the green return receipt card that had been attached to the envelope that had been mailed to Ms. Lie. The green card was signed by Ms. Lie, but, unfortunately, the postmaster neglected to write in the date on which Ms. Lie signed the card.

On October 25, 2005 the plaintiffs so informed the court, and also filed the signed green card with the court. The plaintiffs also indicated that, even though the green card had not been dated, it was "reasonable to conservatively assume that defendant Lie signed the return receipt at the Kotzebue, Alaska, post office no later than on October 19, 2005." See Affidavit of

Donald Craig Mitchell Regarding Service of Process on Defendant Sharron Lie; Clerk's Docket No. 13.

If service was made on October 19, 2005, then Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure required Ms. Lie to file her answer to the First Amended Complaint on or before November 8, 2005.

When Ms. Lie did not file her answer, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Rule 55.1, on November 23, 2005 the plaintiffs filed with the court an Application for Entry of Default Judgment. See Clerk's Docket No. 15).

On November 30, 2005 the court issued an order in which it directed the plaintiffs to "require an answer immediately or apply for default within 20 days from the date of this minute order." See Clerk's Docket No. 17. Then later that same day the court issued a second order in which it announced that "no application for an entry of default was filed prior to the motion for entry of default judgment." The order further announced that the court would decline[] to enter default until the date of service is clarified." Finally, the order "invited [the plaintiffs] to file a motion for entry of default that includes clarification regarding the date of service on or before Friday,

December 16, 2005. See Clerk's Docket No. 18.

With respect to the requested clarification, the plaintiffs inform the court as follows:

1. The court may judicially notice that the U.S. Postal Service maintains a web site that enables the delivery of a certified letter to be tracked. See http://www.usps.com/ That tracking service indicates that even though the postmaster at the Kotzebue post office neglected to write in the date on which Ms. Lie signed the green card that was attached to the envelope that contained her summons and a copy of the First Amended Complaint, Ms. Lie received that envelope on October 18, 2005 (i.e., a day earlier than the plaintiffs had speculated that she had). See Plaintiffs' Exhibit No. 11.

2. On November 5, 2005 the plaintiffs' attorney received from Ms. Lie a copy of a letter dated December 2, 2005 that Ms. Lie had mailed to the court in which she argues that she "owns" a parcel of land on Chairtree Island because in 1959 a Kotzebue resident named Fred Morrison quitclaimed his interest in Chairtree Island to Ms. Lie's father, Harold Lie. Ms. Lie attached to her letter a copy of the quitclaim deed, a document entitled "Settlement of 14(c)(1) Reconveyance Obligation", and a map. As of 11:00 a.m., Friday, December 9, 2005, the court clerk

had not entered those documents on the docket in this action. The plaintiffs have attached those documents to this motion as Plaintiffs' Exhibit No. 12.

Ms. Lie's letter to the court is important for two reasons.

First, the letter states that Ms. Lie was writing to the court regarding "Civil Case Number A05-110 CV (JKS)", which is evidence that Ms. Lie has quite specific knowledge of this action; information that it is reasonable to assume she acquired by reading the copy of the First Amended Complaint that, according to the U.S. Postal Service's tracking service, she received with her summons on October 18, 2005.

Second, the letter indicates that Ms. Lie believes that she has a right to receive conveyance of legal title to the surface estate of a parcel of land on Chairtree Island - not because she was occupying the parcel as a subsistence campsite on December 18, 1971 as section 14(c)(1) of the Alaska Native Claims Settlement Act requires - but because her father "purchased" the entire island from Fred Morrison in 1959. But in 1992 the Bureau of Land Management informed defendant Kikiktagruk Inupiat Corporation that Mr. Morrison had no ownership interest in any land on Chairtree Island that he could convey to Mr. Lie. <u>See</u> Plaintiffs' Exhibit No. 4.

3. When the plaintiffs applied to the court to enter a default judgment against Ms. Lie, in order to ensure that Ms. Lie was fully informed that the plaintiffs had applied for entry of a default judgment, they served Ms. Lie with a copy of the Application for Entry of Default Judgment by on November 23, 2005 mailing her an envelope that contained the Application by certified mail, return receipt requested, restricted delivery.

As of the date of the filing of this motion, Ms. Lie has refused to accept receipt of that envelope. See Plaintiffs' Exhibit No. 13. Why she has not is, at present, a mystery. However, there is a disturbing possibility that Ms. Lie has not accepted receipt of the envelope because she has knowledge of its contents that may have been obtained as a consequence of tampering by persons presently unknown with mail that plaintiff Karan Gallahorn's attorney sent to plaintiff Gallahorn at the same post office to which he sent the Application for Entry of Default Judgment to Ms. Lie. See Plaintiffs' Exhibit No. 14 (Letter from Donald Craig Mitchell to Robert Churchill, Manager, Post Office Operations, U.S. Postal Service).

When it became apparent that Ms. Lie may be intentionally refusing to accept receipt of the envelope that contains the Application for Entry of Default Judgment, on December 6, 2005

Lieutenant Eric Swisher, an officer of the City of Kotzebue Police Department, personally served Ms. Lie with a copy of the Application. See Plaintiffs' Exhibit No. 14.

For the reasons set forth above, the plaintiffs request the court to grant their motion for entry of default against defendant Sharron Lie.

DATED: December 9, 2005

Donald Craig Mitchell

Attorney for Plaintiff