Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>       Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. A05-110 CV (JKS)<br>)<br>)   **FIRST AMENDED ANSWER** |

Defendant SHARRON LIE, by and through counsel, states for her First Amended Answer to Plaintiffs' First Amended Complaint as follows:

1.     Defendant admits the allegations contained in paragraph 1 of Plaintiffs' First Amended Complaint.

2.     Defendant admits the allegations contained in paragraph 2 of Plaintiffs' First Amended Complaint.

3.     Defendant is without sufficient knowledge to admit or deny the allegations

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

contained in paragraph 3 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

4.    Defendant admits the allegations contained in paragraph 4 of Plaintiffs' First Amended Complaint.

5.    Defendant admits the allegations contained in paragraph 5 of Plaintiffs' First Amended Complaint.

6.    Defendant admits the allegations contained in paragraph 6 of Plaintiffs' First Amended Complaint.

7.    Defendant admits the allegations contained in paragraph 7 of Plaintiffs' First Amended Complaint.

8.    Defendant admits the allegations contained in paragraph 8of Plaintiffs' First Amended Complaint.

9.    Defendant admits the allegations contained in paragraph 9 of Plaintiffs' First Amended Complaint.

10.    Defendant admits that the Secretary of the Interior has conveyed to Kikiktagruk Inupiat Corporation ("KIC") legal title to the surface estate of various tracts of federal land. Defendant is without sufficient knowledge with regard to the allegations regarding Interim Conveyance No. 544 and, therefore, denies same. Plaintiff admits that Chairtree Island is in the Noatak River, that it is approximately one mile long and a half mile wide, and that it is located approximately 26 miles by river travel from Kotzebue.

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Plaintiff denies any other allegations contained in paragraph 10 of Plaintiffs' First Amended Complaint.

11.    Plaintiff is without sufficient knowledge regarding Interim Conveyance No. 544 and, therefore, denies the allegations contained in paragraph 11 of Plaintiffs' First Amended Complaint.

12.    Paragraph 12 of Plaintiffs' First Amended Complaint is a statement of the law which speaks for itself. To the extent an answer is required, Defendant denies said paragraph.

13.    Plaintiff is without sufficient knowledge to admit or deny that Congress intended to confer on the defendant corporation complete and unfettered discretion to decide the number of acres that a section 14(c)(1) will contain and to demark the specific boundaries of the parcel and, therefore, denies the allegations contained in paragraph 13 of Plaintiffs' First Amended Complaint.

14.    Defendant denies that defendant KIC has complete and unfettered discretion to determine the number of acres contained in the parcel of land that it will convey to an applicant as a subsistence campsite. Defendant is without sufficient knowledge to admit or deny that KIC has not filed with the BLM, a map as required by regulation, and that KIC continues to possess legal title to the entire surface estate located on Chairtree Island and, therefore denies the allegations contained in paragraph 14 of Plaintiffs'

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222  FAX LINE (907) 277-4221

First Amended Complaint.

15.    Plaintiff is without sufficient knowledge to admit or deny that KIC issued a manual in 1991, or its contents, and, therefore, denies the same. Defendant admits that Willie Goodwin was the land manager of KIC, but is unaware of the dates of his service and, therefore, denies the allegations regarding the time frame in which he served. Defendant admits that Mr. Goodwin served as the principal member of the land staff and made recommendations to the land committee regarding applications for subsistence campsites.

16.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 16 of Plaintiff's First Amended Complaint and, therefore, denies the same.

17.    Defendant admits the allegations contained in paragraph 17 of Plaintiff's First Amended Complaint.

18.    Defendant is without sufficient knowledge to admit or deny the allegations Regarding Fred Morrison's homestead entry application. Defendant admits that in 1959, Mr. Morrison quit claimed his interest in the land on Chairtree Island to Harold Lie. Defendant denies the other allegations of Paragraph 18 of Plaintiffs' First Amended Complaint,

19.    Defendant admits that on February 3, 1992, she and her mother filed an application seeking conveyance of legal title to the surface estate of Chairtree Island as a subsistence campsite. Defendant denies the other

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

allegations contained in paragraph 19 of Plaintiffs' First Amended
Complaint.

20.    Defendant admits the allegations in paragraph 20 of Plaintiffs' First
Amended Complaint.

21.    Defendant admits that in September 11, 1992, that the BLM informed KIC
that Fred Morrison had no legal interest in Chairtree Island in 1959 when he
quit claimed that interest to Harold Lie. Defendant denies that, as a
consequence, in this letter, the BLM informed Mr. Goodwin that KIC had
no legal obligation to convey Nina Lie and Sharron Lie legal title to the
surface estate of a parcel on Chairtree Island unless Nine Lie and Sharron
Lie demonstrated that they had used and occupied the land as required by
14(c).  Rather the BLM stated:

> "If KIC wants to convey some of this land under the
> provisions of section 14(c) of ANCSA to the heirs of
> Mr. Lie, it would seem appropriate since it appears that
> Mr. Morrison felt he had a claim on the island and sold
> the land together with the house, cash and fish racks to
> Mr. Lie. <u>Mr. Lie must have then used and occupied
> the land as required by section14(c)</u>."

Defendant is without sufficient information to admit or deny the allegations
regarding KIC's attorney and, therefore, denies the same. Defendant admits
that on August 24, 1993, KIC approved their 14(c) application. Defendant
admits that she was informed that KIC would convey the surface estate of a
one acre parcel. Plaintiff denies the other allegations contained in

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

Paragraph 21 of Plaintiffs' First Amended Complaint.

22.    Defendant denies the allegations contained in paragraph 22 of Plaintiffs' First Amended Complaint that the maps did not demark or otherwise describe with specificity the locations of the boundaries of either parcel, and admits the other allegations contained therein.

23.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 23 of Plaintiffs' First Amended Complaint that Mr. Hanson's report did not identify where the boundaries of the Johnson and Lie parcel should be demarked and, therefore, denies the same. Defendants admits the other allegations contained therein.

24.    Defendant admits the allegations contained in paragraph 24 of Plaintiffs' First Amended Complaint.

25.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 25 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

26.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 26 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

27.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 27 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

28.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 28 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

29.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 29 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

30.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 30 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

31.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 31 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

32.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 32 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

33.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 33 of Plaintiffs' First Amended Complaint that the board of directors of KIC did not inform Ms. Gallahorn that it intended to take up the matter of the location of the boundary between the two parcels at its November 18, 2002 meeting, that as a consequence, Ms. Gallahorn did not attend the meeting and, therefore, denies the same. Defendant admits

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

the other allegations contained therein.

34.  Defendant admits the allegations contained in paragraph 34 of Plaintiffs' First Amended Complaint, and affirmatively states that the November 25, 2002 meeting reaffirmed the 1995 decision as to the boundaries between the property.

35.  Defendant admits the allegations contained in paragraph 35 of Plaintiffs' First Amended Complaint that the cabin Ms. Gallahorn constructed is on Sharron Lie's land.  Defendant denies the remaining allegations contained therein.

36.  Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 36 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

37.  Defendant denies the allegations contained in paragraph 37 of Plaintiffs' First Amended Complaint.

38.  Defendant incorporates her answers to paragraphs Nos. 1 through 37 by reference.

39.  Defendant denies the allegations contained in paragraph 39 of Plaintiffs' First Amended Complaint.

40.  Defendant is without sufficient knowledge to admit or deny whether Karen Gallahorn was acting within the scope of her authority as the authorized representative and agent for Mabel Johnson and, therefore, denies the

allegations contained in paragraph 40 of Plaintiffs' First Amended Complaint.

41.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 41 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

42.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 42 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

43.    Defendant is without sufficient knowledge to admit or deny the allegations contained in paragraph 43 of Plaintiffs' First Amended Complaint and, therefore, denies the same.

44.    Defendant denies the allegations contained in paragraphs 41 and 42 and, therefore, denies the allegations contained in paragraph 44 of Plaintiffs' First Amended Complaint.

45.    Defendant incorporates paragraph Nos. 1 through 37 by reference.

46.    Defendant denies the allegations contained in paragraph 46 of Plaintiffs' First Amended Complaint.

47.    Defendant denies the allegations contained in paragraph 47 of Plaintiffs' First Amended Complaint.

48.    Defendant denies the allegations contained in paragraph 48 of Plaintiffs' First Amended Complaint.

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

49.     Defendant denies the allegations contained in paragraph 49 of Plaintiffs' First Amended Complaint.

## COUNTERCLAIM
## Action for Trespass

1.     The 1994 decision of the hearing officer subsequently adopted by KIC adequately informed Mabel Johnson, her successors and assigns, including Karan Gallahorn that the 80 ft. x 100 ft. cabin site was not to conflict with the Lie parcel.

2.     In 2002, a KIC employee visited Chairtree Island and prepared a site inspection report. The inspection report shows that the Gallahorn cabin is totally with the Lies' 14(c)(1) entitlement.

3.     Karan Gallahorn built a structure upon property she did not own.

## AFFIRMATIVE DEFENSES

1.     This Court lacks jurisdiction of the subject matter.

2.     The Plaintiffs' claim fails to state an action upon which relief can be granted.

3.     Plaintiff Deborah Higgins lacks standing.

4.     The Plaintiffs' claims are barred by estoppel by their own actions.

5.     The Plaintiffs voluntarily assumed the risk that the cabin would not be located on their 14(c)(1) claim.

6.     Plaintiffs claims are barred by the statute of frauds.

First Amended Answer
*Johnston, et al., v. Kikikagruk Inupiat Corp., et al.,* Case No. A05-110 CV (JKS)

10

WHEREFORE, having answered the complaint, Defendant Sharron Lie prays as follows:

1.    That Plaintiffs take nothing by way of their complaint;

2.    That the Court find that the Plaintiffs are in trespass, and that the cabin is on the Lies' 14(c)(1) claim.

3.    That the Court grant title to the trespassing structures to Ms. Lie.

4.    That the Court enjoin the Plaintiffs from trespassing on the Lies' property.

5.    That the Court award Defendant her costs and attorney fees for defending the case.

6.    That the Court award Defendant such other relief as this court deems just and proper.

DATED at Anchorage, Alaska, this _13_ day of January, 2006.

FORTIER & MIKKO, PC
Attorneys for Defendant Sharron Lie


By: _s// Samuel J. Fortier_
      Samuel J. Fortier

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

**Certificate of Service**

I hereby certify that a true and correct copy
of the following document has been sent
electronically and via US mail this 13 day of
January 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501

*Carol A Borge*

Fortier & Mikko

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

*Kikiktagruk Inupiat Corp., et al.*, Case No. A05-110 CV (JKS)
First Amended Answer