Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br>Plaintiffs, <br><br>vs. <br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE, <br><br>Defendants. | Case No. A05-110 CV (JKS) <br><br><br><br><br><br><br><br><br><br>**MOTION TO SET ASIDE DEFAULT** |

COMES NOW Defendant SHARRON LIE, by and through counsel, and hereby moves this Court for an order setting aside the default entered against her in this case, pursuant to F.R.C.P. 55(c).

This motion is supported by the attached memorandum and papers on file in this case.

Motion to Set Aside Default Judgment
*Johnson v. Kikigranuk, et al.*, Case No. A05-110 CV (JKS)

DATED at Anchorage, Alaska this _____ day of January, 2005.

FORTIER & MIKKO, P.C.
Attorneys for Defendant
Sharron Lie

By: /s/ Samuel J. Fortier
Samuel J. Fortier
ABA No. 8211115

**Certificate of Service**
I hereby certify that a true and correct copy of the following document has been sent electronically and via US mail this 13 day of January 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501

Fortier & Mikko

Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE,<br><br>Defendants. | Case No. A05-110 CV (JKS)<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE DEFAULT** |

## BACKGROUND

On May 15, 2005, Plaintiffs filed their complaint seeking declaratory and injunctive relief relating to the conveyance by Kikiktagruk Inupiat Corporation ("KIC") of legal title to the surface estate of a parcel of land to Mabel Johnson, pursuant to Section 14 (c)(1) of the Alaska Native Settlement Act ("ANSCA"), 43 U.S.C. § 1613(c)(1).

1

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.,* Case No. A05-110 CV (JKS)

On October 14, 2005, the Plaintiffs amended their complaint and added Sharron Lie as a defendant. Plaintiffs complained that Sharron Lie was not entitled, pursuant to Section 14(c)(1), to receive a conveyance of title to the surface estate of any parcel of land on Chairtree Island as a subsistence campsite. On November 23, the Plaintiffs moved for entry of default judgment against Sharron Lie. On November 30, the Court issued an order; the Plaintiffs were to require Sharron Lie to answer the amended complaint, or to apply for default within 20 days.

On December 2, 2005, Sharron Lie filed a response to the Court and attached a Quitclaim Deed from Fred Morrison to Harold Lie, a map, and a signed settlement of 14(c)(1) reconveyance obligation with KIC. (Exhibit 1.) On December 12, 2005, the Court entered default against Sharron Lie. (Doc. 22).

Rule 55(c) provides that an entry of judgment may be set aside for good cause shown. It has been said that good cause is not susceptible to a precise definition. Good cause has been labeled a liberal and "mutable" standard, one that varies from situation to situation. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana D. Aviacion*, 8 F.3d, 948, 951 (11th Cir. 1996).

Three factors that the Court should consider in deciding whether to vacate a entry of a

2

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

default judgment are: (1) whether the movant engaged in culpable conduct that led to its default; (2) whether the movant had a meritorious defense; and (3) whether the reopening of the default judgment would prejudice the other party. *Franchise Holding, II, LLC v. Huntington Restaurant Groups, Inc.*, 375 F.3d 992 (9th Cir. 2004). A good cause standard for setting aside entry of default alone, not default judgment, is slightly more favorable to a party in default than the standard for setting aside a default judgment. *McManus v. American States Ins. Co.*, 201 F.R.D. 493 (C.D. Cal. 2000). In this case, all the elements are met, Sharron Lie's default was not culpable, the Plaintiffs will not be prejudiced if the default is set aside and Ms. Lie has a meritorious defense to the Plaintiffs' claim.

1.  The Default was Not Willful

On November 30, 2005, the Court issued a Minute Order requiring the Plaintiffs to require an answer from Sharron Lie or apply for default within 20 days. (Doc. 18.) Three days later, in letter form, Ms. Lie responded to the complaint, offered a defense and provided exhibits in support of her answer. She alleged that her father had been deeded the land and that ownership of the land had been confirmed by KIC. She further states that the Plaintiffs were trespassing on her property.

The answer was sent to the Court and to Plaintiffs' counsel with a cross-copy to the KIC board. The clerk entered default nine days after receiving Ms. Lie's answer. Mr.

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

3

Mitchell's Motion for Entry of Default Judgment dated December 12, 2005, fails to acknowledge that he received an answer to his complaint. He acknowledges only that he received "a letter," but he attempts to specifically rebut the allegations made by Ms. Lie in his default application. He treated her letter as an answer and takes issue with it. Mr. Mitchell says:

> "The letter indicates that Ms. Lie believes that she has a right to receive conveyance of legal title to the surface estate ... because her father 'purchased' the entire island .... But in 1992, the Bureau of Land Management informed KIC that Mr. Morrison had no ownership interest ....."

*See* Motion for Entry of Default Judgment. The Plaintiffs' Application for Default including multiple exhibits, is more akin to a dispositive motion that an application that merely informs the Court that there was no answer and that the Plaintiffs are entitled to judgment. Plaintiffs' efforts to rebut Ms. Lie's response merely highlights the fact she answered the complaint. This should resolve the issue of whether Ms. Lie culpably failed to answer. She did answer and the Plaintiffs treated her response as an answer.

2.  <u>The Defendant Has a Meritorious Defense</u>

There is a meritorious defense to the action. It is only necessary to look the March 9, 1994 report of a hearing officer expressly retained to hear the competing claims to Chairtree Island. (Exhibit 2.) This 17-page report exhaustively reviews the facts. It says,

> Based upon the information provided in the hearing process hearing, it appears that the Lie family does meet the subsistence campsite criteria.

4

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

*See* Exhibit 2, page 6. Not only did the hearing officer find that the Lies used the island, the hearing officer reviewed the very objections that the Plaintiffs are now making.

> Though the Johnsons have made strong statements, the Lie family has also made statements and submitted information regarding their use of the island. Taking into consideration the Johnson family's part time use of the island, the Lie family testimony, the KIC land manager statements, and other information in the record, the Johnson family statements are not adequate to invalidate the information regarding the Lies' use of the site.

Exhibit 2, page 7.

Ms. Lie believes this holding should be determinative, but at this stage it is only necessary for her to show that there is a meritorious defense. The information before the Court, including the exhibits filed by KIC, certainly exceed that standard.

3.   Plaintiffs Are Not Prejudiced

The final element in the analysis whether to set aside default, an absence of prejudice to the opponent, is clearly satisfied. The case is still in its very early stages. Though there has been some initial skirmishing and summary judgment is pending, Ms. Lie's presence in the case does not alter the issues presented. The evidentiary requirements of the case, the number of witnesses, the timeline of the case, the expenses involved, and Plaintiffs' burden all remain the same if the default is set aside.

5

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

4.  <u>The Defendant Acted In a Timely Manner</u>

Ms. Lie took prompt action to correct the default. Ms. Lie retained Anchorage counsel promptly after the default and has moved to set aside the default within the timeframes of the Court's order or December 13, 2005.

5.  <u>The Clerk Should Not Have Entered the Default</u>

Ms. Lie should not have been defaulted. Her response to the Court should have been taken as a general denial under F.R.C.P. 8(b) and an affirmative defense under Rule 8(c).

> "I have no idea why Karen Gallahorn built a cabin on our property or questions our ownership of that property ... Our ownership of Lot 21 is clear and also public knowledge ... Our ownership of that land was further acknowledged on November 24, 2004 by KIC."

Ms. Lie provided exhibits to support her answer. She properly identified the civil case to which she was responding. She signed the letter and provided it to the Court, and to the Plaintiffs and her co-defendant. Ms. Lie's answer was filed on December 2, within the Court's timeframe provided to Mr. Mitchell for seeking default. The default should not have been entered by the clerk after having received the answer. Ms. Lie was clearly attempting to participate in the proceedings. She was unrepresented, living in a town without a civil attorney, and made a good faith effort to comply with the Court's November 30, 2005 order.

6

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

## CONCLUSION

The default entered by the clerk should be set aside. Ms. Lie has satisfied the analysis for setting aside the default under F.R.C.P. 55(c).

DATED at Anchorage, Alaska this _____ day of January, 2005.

> FORTIER & MIKKO, P.C.
> Attorneys for Defendant
> Sharron Lie
>
> By: __/s/ Samuel J. Fortier__
>   Samuel J. Fortier

**Certificate of Service**

I hereby certify that a true and correct copy of the following document has been sent electronically and via US mail this i_3_ day of January 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501

_____
Fortier & Mikko

7

Memorandum in Support of Motion to Set Aside Default Judgment
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)