DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIKIKTAGRUK INUPIAT CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) No. A05-110 CV (JKS) ) ) ) ) ) ) |

MOTION FOR EXTENSION OF TIME
TO FILE OPPOSITION TO MOTION TO SET ASIDE DEFAULT

Plaintiffs Mabel Johnson and Karan Gallahorn move the court to grant the plaintiffs an extension of time until February 27, 2006 to file their memorandum opposing the motion of Sharron Lie that requests the court to set aside the default that it has entered against Ms. Lie.

On October 18, 2005 the plaintiffs properly served Ms. Lie with a summons and a copy of the First Amended Complaint.

<u>See</u> Plaintiffs' Exhibit No. 11. As a consequence, on that date Ms. Lie became a party in this action.

When Ms. Lie failed to file an answer to the First Amended Complaint within the twenty-day time period within which the Federal Rules of Civil Procedure afforded her an opportunity to do so, on December 12, 2005 the court entered a default against Ms. Lie. As a consequence, Ms. Lie no longer is a party to this action.

On December 12, 2005 the court held a hearing at which it heard oral argument on a motion for an extension of time to respond to the plaintiffs' motion for summary judgment that had been filed by defendant Kikiktagruk Inupiat Corporation (KIC). At the hearing, Ms. Lie participated telephonically. During the hearing the court explained to Ms. Lie that because a default had been entered against her, she no longer was a party to the action. Although the Federal Rules of Civil Procedure do not impose a time limit for the filing by a defaulted former party of a motion to set aside a default, the court informed Ms. Lie that if she wished to file such a motion, if she did not do so by January 13, 2006 there was little likelihood that the court would consider the motion. That same day the court entered an order in which it "directed that Ms. Lie obtain counsel and to have

attorney file entry of appearance and file a motion to set aside the entry of default on or before January 13, 2006, by close of business."

On January 9, 2006 Sam Fortier, an attorney in Anchorage, filed an entry of appearance in this action on behalf of Ms. Lie. But he did not file a motion to set aside the default.

On or about January 10, 2006 the plaintiffs' attorney, Donald Mitchell, received a telephone call from Mr. Fortier in which Mr. Fortier asked him to on behalf of the plaintiffs agree to give Ms. Lie an extension of time until January 17, 2006 to file a motion to set aside the default. Mr. Mitchell explained to Mr. Fortier that Ms. Lie did not need an extension of time because the Federal Rules of Civil Procedure do not impose a time limit for the filing of such a motion. Mr. Fortier responded that, because of the January 13, 2006 filing deadline that the court had included in the order it had issued on December 12, 2006, he felt that he needed to file a motion.

Mr. Mitchell then explained to Mr. Fortier that, because he was leaving the country on January 21, 2006, he had assumed that Ms. Lie would file her motion on December 13, 2006, after which Mr. Mitchell then would have seven days within which to research, write, and file the plaintiffs' memorandum opposing the motion

prior to his departure. Mr. Mitchell also explained to Mr. Fortier that, because defendant KIC's attorney, John Havelock, was leaving the country on January 17, 2006, Mr. Mitchell and Mr. Havelock had worked out a schedule for the plaintiffs' and defendant KIC's remaining briefing of the plaintiffs' motion for summary judgment pursuant to which defendant KIC would file its memorandum opposing that motion on or before February 13, 2006, and the plaintiffs would file their reply memorandum on or before February 27, 2006.

Mr. Mitchell then told Mr. Fortier that the plaintiffs would be willing to support Ms. Lie's motion for an extension of time to file a motion to set aside the default if, in turn, Ms. Lie would agree to allow the plaintiffs to file their memorandum opposing that motion on or before February 27, 2006, i.e., the same date on which the plaintiffs also would be filing their reply to defendant KIC's memorandum opposing the plaintiffs' motion for summary judgment.

Mr. Fortier told Mr. Mitchell that that briefing schedule was acceptable to Ms. Lie.

Mr. Fortier and Mr. Mitchell then agreed that, on behalf of Ms. Lie, Mr. Fortier would file a motion for an extension of time in which he would inform the court that the plaintiffs did not

oppose the motion, and in which he would request the court to allow Ms. Lie to file her motion to set aside the default on or before January 17, 2006 and allow the plaintiffs to file their memorandum opposing that motion on or before February 27, 2006. See generally Affidavit of Donald Craig Mitchell in Support of Motion for Extension of Time.

Mr. Fortier did not on behalf of Sharron Lie file the motion for an extension of time described in the preceding paragraph and on whose terms Mr. Fortier and Mr. Mitchell had agreed. Instead, on February 13, 2006 Mr. Fortier filed a motion that requests the court to set aside the default that it has entered against Ms. Lie. Mr. Mitchell did not receive service, by mail, of a copy of the motion until January 19, 2006; two days prior to the date Mr. Fortier was aware when he filed the motion that Mr. Mitchell will be leaving the country.

Simply put, there is no time between the January 19, 2005 when Mr. Mitchell received service of the motion and January 21, 2005 when he departs the country for Mr. Mitchell to adequately research, write, and file the plaintiff's memorandum opposing the motion. For that reason, the plaintiffs have moved the court to grant the plaintiffs until February 27, 2006 (i.e., the date the court has authorized the plaintiffs to file their reply to

defendant KIC's opposition to the plaintiffs' motion for summary judgment) to file their memorandum opposing Ms. Lie's motion to set aside default. And for the reasons set forth above, the plaintiffs respectfully request the court to grant their motion.

    DATED: January 20, 2006

                              /s/ Donald Craig Mitchell
                              _____
                              Donald Craig Mitchell

                              Attorney for Plaintiffs

CERTIFICATE OF SERVICE

I certify that on January 20, 2006, by United States mail, I mailed a copy of Motion for Extension of Time to File Opposition to Motion to Set Aside Default, Affidavit of Donald Craig Mitchell in Support of Motion for Extension of Times, proposed Order, and Certificate of Service to:

| | |
|---|---|
| JOHN HAVELOCK<br>Attorney at Law<br>632 Christensen Drive  Suite 100<br>Anchorage, Alaska 99501 | SAM FORTIER<br>Fortier & Mikko<br>Suite 304<br>101 W. Benson Blvd.<br>Anchorage, Alaska 99503 |

/s/ Donald Craig Mitchell
_____
Donald Craig Mitchell

Attorney for Plaintiffs