DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>  Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. A05-110 CV (JKS)<br>)<br>)<br>)<br>)<br>) |

AFFIDAVIT OF DONALD CRAIG MITCHELL
IN SUPPORT OF MOTION FOR EXTENSION OF TIME

   I, DONALD CRAIG MITCHELL, having been first duly sworn, depose and say:

   1. I am competent to present evidence in this action, and I have personal knowledge of the matters set forth herein.

   2. I am the attorney for the plaintiffs in this action.

3. For a number of months I have been scheduled to be in Europe and Africa from January 21, 2006 to February 14, 2006. Similarly, John Havelock, the attorney for defendant Kikiktagruk Inupiat Corporation (KIC) has been scheduled to be in Mexico from January 17, 2006 to February 3, 2006. For those reasons, Mr. Havelock and I worked out a mutually satisfactory briefing schedule for the plaintiffs' pending motion for summary judgment, pursuant to which defendant KIC will file its memorandum opposing that motion on or before February 13, 2006, and the plaintiffs will file their reply memorandum on or before February 27, 2006. Mr. Havelock on January 17, 2006 filed a motion for an extension of time that requested the court to approve that briefing schedule. On January 19, 2006 the court granted the motion.

4. On October 18, 2005 Sharron Lie was properly served with a summons and a copy of the First Amended Complaint. As a consequence, on that date she became a party in this action. When Ms. Lie failed to file an answer to the First Amended Complaint within the twenty-day time period within which the Federal Rules of Civil Procedure afforded her an opportunity to do so, on December 12, 2005 the court entered a default against Ms. Lie. As a consequence, Ms. Lie no longer is a party to this action.

5. On December 12, 2005 the court held a hearing at which it heard oral argument on a motion for an extension of time to respond to the plaintiffs' motion for summary judgment that had been filed by defendant KIC. At the hearing, Sharron Lie participated telephonically. During the hearing the court explained to Ms. Lie that because a default had been entered against her, she no longer was a party to the action. Although the Federal Rules of Civil Procedure do not impose a time limit for the filing by a defaulted former party of a motion to set aside a default, the court informed Ms. Lie that if she wished to file such a motion, if she did not do so by January 13, 2006 there would be little likelihood that the court would consider the motion. That same day the court entered an order in which it "directed that Ms. Lie obtain counsel and to have attorney file entry of appearance and file a motion to set aside the entry of default on or before January 13, 2006, by close of business."

6. On January 9, 2006 Sam Fortier, an attorney in Anchorage, filed an entry of appearance in this action on behalf of Sharron Lie. But he did not file a motion to set aside the default.

7. On or about January 10, 2006 I received a telephone call from Sam Fortier (if I recall correctly the day of the week on which Mr. Fortier called me) in which Mr. Fortier asked me to on

behalf of the plaintiffs agree to give Sharron Lie an extension of time until January 17, 2006 to file a motion to set aside the default. I explained to Mr. Fortier that Ms. Lie did not need an extension of time because the Federal Rules of Civil Procedure do not impose a time limit for the filing of such a motion. Mr. Fortier responded that, because of the January 13, 2006 filing deadline that the court had included in the order it had issued on December 12, 2006, he felt that he needed to file a motion. I then explained to Mr. Fortier that, because I was leaving the country on January 21, 2006, I had assumed that Ms. Lie would file her motion on December 13, 2006, after which I then would have seven days within which to research, write, and file the plaintiffs' memorandum opposing the motion prior to my departure. I also explained to Mr. Fortier that, because John Havelock was leaving the country on January 17, 2006, he and I had worked out a schedule for the plaintiffs' and defendant KIC's remaining briefing of the plaintiffs' motion for summary judgment pursuant to which defendant KIC would file its memorandum opposing that motion on or before February 13, 2006, and the plaintiffs would file their reply memorandum on or before February 27, 2006. I then told Mr. Fortier that the plaintiffs would be willing to support Ms. Lie's motion for an extension of time to file a

motion to set aside the default if, in turn, Ms. Lie would agree to allow the plaintiffs to file their memorandum opposing that motion on or before February 27, 2006, i.e., the same date on which the plaintiffs also would be filing their reply to defendant KIC's memorandum opposing the plaintiffs' motion for summary judgment. Mr. Fortier told me that that briefing schedule was acceptable to Ms. Lie. Mr. Fortier and I then agreed that, on behalf of Ms. Lie, Mr. Fortier would file a motion for an extension of time in which he would inform the court that the plaintiffs did not oppose the motion, and in which he would request the court to allow Ms. Lie to file her motion to set aside the default on or before January 17, 2006 and allow the plaintiffs to file their memorandum opposing that motion on or before February 27, 2006.

    8. Sam Fortier did not on behalf of Sharron Lie file the motion for an extension of time described in paragraph no. 7 and on whose terms Mr. Fortier and I had agreed. Instead, on February 13, 2006 Mr. Fortier filed a motion that requests the court to set aside the default that it has entered against Ms. Lie. I did not receive service, by mail, of a copy of the motion until January 19, 2006; two days prior to the date Mr. Fortier was

aware when he filed the motion that I will be leaving the country.

/s/ Donald Craig Mitchell
_____
Donald Craig Mitchell

SUBSCRIBED AND SWORN to before me this 20th day of January, 2006, at Anchorage, Alaska.

/s/ Janis Ivanoff
_____
Notary Public
My Commission Expires: 04/13/06