John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK 99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com

Attorney for Defendant
    KIKIKTAGRUK INUPIAT CORPORATION

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN<br><br>          Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION and SHARON LIE,<br><br>          Defendants. | A05-110 CV (TMB)<br><br>AFFIDAVIT OF ERNIE NORTON |

STATE OF ALASKA            ) ss.
THIRD JUDICIAL DISTRICT

      COMES NOW Ernie Norton and, being first duly sworn deposes and says:

    1.    My name is Ernie Norton and I am the land manager for Kikiktagruk Inupiat Corporation (KIC). My tenure in this job followed that of Grant Hildreth and Willie Goodwin.

    2.    Part of my job is to be familiar with the Gallahorn/Johnson – Lie land issues.

3. I have inspected the land where Karan Gallahorn built her cabin and have taken measurements.

4. Attached to this affidavit is a map of the area drawn from the records of the corporation and which reflects the lay of the land which I inspected.

5. The Gallahorn cabin could not be constructed within an 80 x 100 foot rectangle that included all of the previously built Johnson cabin except by running the southerly line of her lot on the back wall of the Johnson cabin or within two feet of it.

6. The Gallahorn lot layout has the effect of asserting ownership to the Cache that was one of the bases for determining the Lie ownership to the adjoining acreage.

7. The Gallahorn cabin is built approximately on top of the house site that was used to confirm the Lie claim to occupancy in the hearing.

8. Even if Mr. Goodwin did make a wildly improbable mistake in making a drawing for Ms. Gallahorn that, contrary to all practice, described her lot as including territory that he knew or should have known had been adjudicated in hearing to belong to the Lies, the Johnsons or Ms. Gallahorn, through their participation in the hearing knew otherwise, and Ms. Gallahorn was without justification in relying on a drawing (which she later destroyed) that she knew or should have known falsely represent the land rights of the parties as adjudicated in the hearing.

Dated this 13th day of February 2006.

_____
Ernie Norton

On the above date, appeared before me Ernie Norton who, having subscribed this document and being duly sworn, deposed and said that the matters stated were true and correct and that he knew of the matters stated therein of his personal knowledge.

_____
Notary Public in and for Alaska
My Commission expires: 2/19/07

