John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK 99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com

Attorney for Defendant
    KIKIKTAGRUK INUPIAT CORPORATION

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN | | |
| Plaintiffs, | A05-110 CV (TMB) | |
| vs. | **AFFIDAVIT OF WILLIE GOODWIN** | |
| KIKIKTAGRUK INUPIAT CORPORATION and SHARON LIE, | | |
| Defendants. | | |

STATE OF ALASKA           )
                          ) ss.
THIRD JUDICIAL DISTRICT   )

        COMES NOW Willie Goodwin and, being first duly sworn deposes and says:

        1.    My name is Willie Goodwin, Jr. and until March of 15, 1997 I was the Land Manager for Kikiktagruk Inupiat Corporation (KIC).

      2.    Until my departure I was fully familiar with the situation in the Lie-Johnson dispute on Chairtree Island.

      3.    After the hearing before hearing officer Hanson and before the presentation to the board of directors of the hearing officer's report the parties agreed that the boundary between the two holdings would a line half way between the Johnson cabin (which had been used as proof of her claim) and the cache and storage area which was located slightly to the upper end of the slough.

      4.    I recall meeting with Karan Gallahorn early in the year of 1997. At the time I was still the land manager for KIC. Ms. Gallahorn was asking about making improvements to the Johnson cabin. I told her she would have to get permission from the Johnson's to make those improvements and that I had no authority to give her permission. I did not make any map for her.

      5.    I had no authority to tell her where she could build a cabin and I am positive that I never gave her permission to build a cabin anywhere.

      Dated this /0 day of February, 2006.

On the above date, appeared before me Willie Goodwin who, having subscribed this document and being duly sworn, deposed and said that the matters stated were true and correct and that he knew of the matters stated therein of his personal knowledge.

      '.    °omission

Notary Public in and for Alaska My Commission expires:

2. Until my departure I was fully familiar with the situation in the Lie-Johnson dispute on Chairtree Island.

3. After the hearing before hearing officer Hanson and before the presentation to the board of directors of the hearing officer's report the parties agreed that the boundary between the two holdings would a line half way between the Johnson cabin (which had been used as proof of her claim) and the cache and storage area which was located slightly to the upper end of the slough.

4. I recall meeting with Karan Gallahorn early in the year of 1997. At the time I was still the land manager for KIC. Ms. Gallahorn was asking about making improvements to the Johnson cabin. I told her she would have to get permission from the Johnson's to make those improvements and that I had no authority to give her permission. I did not make any map for her.

5. I had no authority to tell her where she could build a cabin and I am positive that I never gave her permission to build a cabin anywhere.

Dated this 10 day of February, 2006.

_____
Willie Goodwin

On the above date, appeared before me Willie Goodwin who, having subscribed this document and being duly sworn, deposed and said that the matters stated were true and correct and that he knew of the matters stated therein of his personal knowledge.

_____
Notary Public in and for Alaska
My Commission expires: