John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com

Attorney for Defendant
    KIKIKTAGRUK INUPIAT CORPORATION

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN<br><br>    Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION and SHARON LIE,<br><br>    Defendants. | A05-110 CV (TMB)<br><br>**STATEMENT OF GENUINE ISSUES** |

1.   Did Mr. Goodwin intend to induce reliance by Ms. Gallahorn by telling her where she could build her cabin?

2.   If, his affidavit to the contrary notwithstanding, Mr. Goodwin told Ms. Gallahorn where to build her cabin, did Ms. Gallahorn reasonably believe that Mr. Goodwin could bind the corporation, in what was in effect a land transaction that materially affected the interests of the adjoining land owner, without a signed document?

3. Is there any writing to support Ms. Gallahorn's claim that Mr. Goodwin transferred to her an interest in land?

4. Assuming Mr. Goodwin did tell Ms. Gallahorn where she could build the cabin, did Ms. Gallahorn reasonably believe that the area indicated was available for Mr. Goodwin to give to her?

5. Is the knowledge of the Johnsons regarding where the boundary was between the claims of the parties, arising from participation in the adjudication of rights between the Johnsons and the Lies, attributable to Ms. Gallahorn?

6. Was Ms. Gallahorn under any duty, predicate to her alleged detrimental reliance, to determine from the records of the dispute, or on inquires, where the line between the two claims lay?

7. The affidavit of Mr. Goodwin aside, given that Ms. Gallahorn knew that she was dangerously close, at a minimum, to the land claimed by the Lies, and given that she knew that the Lies held their interest in land after a contest before a hearing officer with Ms. Johnson as the other contesting party, and given that no titles or quitclaim deeds to the land had yet issued, was Ms. Gallahorn justified in relying on a penciled sketch by an employee of the corporation arising in an informal conversation, for where she could build a permanent improvement without either checking on the record of the hearing, asking the hearing officer or Mr. Goodwin or a Johnson participant in the hearing where the boundary was or asking the Lies whether the improvement encroached on their land?

8. Did Ms. Gallahorn know or should she reasonably have known that the location she picked for her cabin would be objected to by the Lies as lying on property adjudicated as belonging to the Lies?

Dated this 13TH day of February, 2006.

    s/John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Alaska Bar # 6101006
Attorney for Defendant KIC

CERTIFICATE OF SERVICE:  I hereby certify that a copy of the foregoing STATEMENT OF GENUINE ISSUES was served electronically this 13TH day of February, 2006 on the following:

DONALD CRAIG MITCHELL
DCRAIGM@AOL.COM

SAM FORTIER
SFORTIER@FORTMIKK.ALASKA.COM

By:   s/John Havelock