DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MABEL JOHNSON, by Deborah Higgins, )
her Next Friend and Daughter, and  )
KARAN GALLAHORN,                   )
                                   )
              Plaintiffs,          )
                                   )   No. A05-110 CV (TMB)
vs.                                )
                                   )
KIKIKTAGRUK INUPIAT CORPORATION,   )
                                   )
              Defendant.           )
_____)
```

OPPOSITION TO MOTION TO SET ASIDE DEFAULT

On May 19, 2005 the plaintiffs filed this action against defendant Kikiktagruk Inupiat Corporation (KIC). The gravamen of the claim for relief the plaintiffs alleged in their complaint is that plaintiff Karan Gallahorn reasonably relied on a representation that an employee of KIC made to her regarding where she should site a cabin that plaintiff Mabel Johnson had

authorized plaintiff Gallahorn to construct on the surface estate of an unsurveyed parcel of land on Chairtree Island in the Noatak River whose title section 14(c)(1) of the Alaska Native Claims Settlement Act (ANCSA) requires KIC to convey to plaintiff Johnson.

On September 21, 2005 Judge James Singleton entered an order in which he suggested to the plaintiffs and KIC that Sharron Lie might be an indispensable party in this action because, pursuant to section 14(c)(1) of ANCSA, KIC also had awarded to Ms. Lie the surface estate of a parcel of land on Chairtree Island. See Clerk's Docket No. 11, at 3.

In response, on October 14, 2005 the plaintiffs filed a First Amended Complaint that, in addition to joining Ms. Lie as a defendant, contains a Second Claim for Relief which alleges that Ms. Lie is not entitled to receive from KIC the conveyance of title to the surface estate of any parcel of land on Chairtree Island because neither Ms. Lie nor her deceased mother, Nina Lie, had occupied any parcel on December 18, 1971 as a subsistence campsite as section 14(c)(1) of ANCSA requires.

On October 18, 2005 by registered mail, return receipt requested, the plaintiffs served Sharron Lie in Kotzebue, Alaska, with a summons and a copy of the First Amended Complaint. See

Clerk's Docket No. 13 (Green card signed by Sharron Lie attached to the original copy of the summons). See also Plaintiffs' Exhibit No. 11 (confirmation by United States Postal Service that on October 18, 2005 Ms. Lie signed for the envelope that contained the summons and First Amended Complaint).

Federal Rule of Civil Procedure 12(a) afforded Ms. Lie twenty days from the date of service, i.e., until November 7, 2005, to file her answer. However, Ms. Lie did not do so, and on December 12, 2005 the Clerk of Court entered a default against Ms. Lie. See Clerk's Docket No. 22. As a consequence, Ms. Lie no longer is a party in this action.

More than two months after Rule 12(a) required her to file her answer, on January 13, 2006 Ms. Lie filed the instant motion, which requests the court to set aside the default.

Federal Rule of Civil Procedure 55(c) authorizes the court to exercise its discretion and set aside a default if, after considering the totality of the relevant facts, it determines that "good cause" exists for doing so. While Rule 55(c) does not define the term "good cause," the Circuit Court has instructed that

> The good cause analysis considers three factors: (1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the

> defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff].

Franchise Holding II, LLC v. Huntington Restaurants Group, 375 F.3d 922, 925-926 (9th Cir. 2004).

The Circuit Court also has instructed that its "triparlite test is disjunctive". See In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991). Accord Benny v. Pipes, 799 F.2d 489, 494 (9th Cir. 1986)(holding that if the defendant's culpable conduct provoked the default the court will not consider the other two factors). And the Circuit Court has instructed that Ms. Lie bears the evidentiary burden of presenting facts which demonstrate that each factor supports the conclusion that good cause exists. See TCI Group Life Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001).

Ms. Lie has not satisfied that evidentiary burden.

A. The Conduct That Resulted in the Default Was Culpable.

In her motion, Ms. Lie suggests that her failure to file her answer for more than two months after it was due was not culpable conduct because it was not "willful" conduct. See Memorandum in Support of Motion to Set Aside Default, at 3.

While, as noted above, the test is whether a defendant's

4

conduct was "culpable," not whether it was "willful", as a practical matter, both words embody the same standard of conduct. As the Circuit Court has explained:

> Most failures to follow court orders are not "willful" in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful.

Compania Interamericana v. Compania Dominicana, 88 F.3d 948, 952 (9th Cir. 1996).

In that regard, the Circuit Court has held squarely, and it has held repeatedly, that "[a] party's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer the complaint." In re Hammer, supra at 526. Accord Franchise Holding II, LLC v. Huntington Restaurants Group, supra at 926.

In her motion, Ms. Lie's sole argument regarding the culpable conduct factor of the "good cause" test is that almost a month after Federal Rule of Civil Procedure 12(a) required her to file her answer, on December 2, 2005 Ms. Lie purportedly mailed a letter to the court in which she referenced the case number of this action and asserted that her ownership of land on Chairtree Island was "clear" because "[t]he land in question was deeded to

my father (Harold Lie) by Fred Morrison by Quit-Claim Deed in the Kotzebue Recording District in June of 1959." According to the memorandum she has filed in support of the instant motion:

> On November 30, 2005, the Court issued a Minute Order requiring the Plaintiffs to require an answer from Sharron Lie or apply for default within 20 days. Three days later, in letter form, Ms. Lie responded to the complaint, offered a defense and provided exhibits in support of her answer. She alleged that her father had been deeded the land and that ownership of the land had been confirmed by KIC. She further states that the Plaintiffs were trespassing on her property.
>
> The answer was sent to the Court and to Plaintiffs' counsel with a cross-copy to the KIC board. (emphasis added).

Memorandum in Support of Motion to Set Aside Default, at 3.

That argument is disturbingly disingenuous.

First, because it implies that Ms. Lie mailed her letter in response to the court's November 30, 2005 order. But the court did not send Ms. Lie a copy of its order. See Clerk's Docket No. 18. So there is no way she could have known that the order had been issued.

Second, because it implies that the letter is an "answer" to the First Amended Complaint when a fair reading of its text suggests that that characterization of the letter is a very long stretch.

6

And third and most importantly, because it implies that Ms. Lie filed with the court the letter that she now says she intended to be her answer. In fact, as of the date of filing of this memorandum, Ms. Lie's letter appears in the court file only as an exhibit that first was filed by the plaintiffs.

In any case, in summary, the following facts are uncontroverted: Ms. Lie received actual notice of this action on October 18, 2005. Federal Rule of Civil Procedure 12(a) required her to file an answer on or before November 7, 2005. Ms. Lie did not file an answer prior to December 12, 2005, i.e., the date the Clerk of Court entered the default.

In <u>TCI Group Life Insurance Plan v. Knoebber</u>, <u>supra</u> at 697, the Circuit Court noted that a district court possesses discretion to excuse a failure to answer a complaint that on its face is culpable conduct if the court concludes that the defendant has "offer[ed] a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process . . . ."

However, in the case at bar, not only has Ms. Lie not offered a "credible, good faith" explanation for her failure to between October 18, 2005 and December 12, 2005 file her answer,

she has offered no explanation whatsoever. As a consequence, Ms. Lie's unexplained failure to file her answer was culpable conduct. And because it was, the instant motion must, as a matter of law, be denied on that ground.

- B. <u>Sharron Lie Has Not Presented Facts Which Demonstrate That She Has a Meritorious Defense to the Second Claim for Relief Alleged in the First Amended Complaint</u>.

Expressing its intent in section 14(c)(1) of ANCSA (codified as amended at 43 U.S.C. 1613(c)(1)), Congress has directed that Sharron Lie has no right to be conveyed by KIC legal title to the surface estate of a parcel of land as a subsistence campsite unless she presents evidence which demonstrates that she occupied the parcel for that purpose on December 18, 1971.

The Second Claim for Relief in the First Amended Complaint alleges that Ms. Lie did not on December 18, 1971 occupy any parcel of land on Chairtree Island as a subsistence campsite.

In support of that allegation, the plaintiffs have filed a copy of the application for a section 14(c)(1) subsistence campsite on Chairtree Island that Ms. Lie and her deceased mother, Nina Lie, filed with KIC in 1992. The application indicates that Ms. Lie and her mother informed KIC that the <u>only</u> periods of time they had "actually used this land" was on

weekends between December 1959 and March 1960, and between July 1960 and September 1960. See Plaintiffs' Exhibit No. 2.

The plaintiffs also filed a copy of a letter that Nina Lie sent to KIC four months after she and Ms. Lie filed their application in which Nina Lie informed KIC that "[t]here is no question in our minds that [all of] the Island rightfully belongs to Harold and Nina Lie" because "[t]his Island was owned by Fred Morrison and purchased by Harold Lie back in 1959." See Plaintiffs' Exhibit No. 3.

In other words, Nina Lie believed then, and Ms. Lie apparently continues to believe now, that their ownership interest in Chairtree Island is derived not from their occupancy of the island on December 18, 1971 as a subsistence campsite, but from Harold Lie's purchase in 1959 of Fred Morrison's interest in the island. And consistent with that conclusion, in the letter dated December 2, 2005 that she purportedly mailed to the court that she now says was her "answer" to the First Amended Complaint (even though there is no evidence that the letter ever reached the court), Ms. Lie did not inform the court that she had occupied land on Chairtree Island as a subsistence campsite on December 18, 1971. Rather, she informed the court that "[t]he land in question was deeded to my father (Harold Lie) by Fred

Morrison by Quit-Claim Deed in the Kotzebue Recording District in June of 1959." <u>See</u> Sharron Lie Exhibit No. 1.

But in September 1992 the Bureau of Land Management informed KIC that in 1959 Mr. Morrison had no ownership interest in Chairtree Island to sell to Harold Lie. <u>See</u> Plaintiffs' Exhibit No. 4.

Brushing by that uncontroverted fact of the matter, as her defense to the Second Claim for Relief, Ms. Lie relies on a report that David Hanson prepared in 1994 at the request of KIC after Ms. Lie and her mother appealed KIC's decision to convey Ms. Lie and her mother an acre parcel on Chairtree Island, rather than the entire island. In his report, Mr. Hanson focuses principally on the contention that Harold Lie purchased Chairtree Island from Fred Morrison. However, at page 5 of his report, Mr. Hanson states that Nina Lie, Susan Lie, Zonna Lie, Chris Lie, and Sharron Lie had participated in two hearings he held. Mr. Hanson then summarizes the unsworn information they offered to him as follows: "Based on the hearing testimony, the Lies used the subsistence campsite for subsistence berrypicking and hunting often in the early 1960s. During the mid to late sixties and early seventies, the family continued to use the area for subsistence hunting and berrypicking." <u>See</u> Sharron Lie Exhibit

No. 2, at 5.

But the Circuit Court has instructed that a "defendant seeking to vacate a default judgment must present specific facts that would constitute a defense." (emphasis added). See TCI Group Life Insurance Plan v. Knoebber, supra at 696. Accord Franchise Holding II, LLC v. Huntington Restaurants Group, supra at 926.

A sworn affidavit from Ms. Lie stating under penalty of perjury that on December 18, 1971 she occupied land on Chairtree Island as a subsistence campsite would be a presentation of "specific facts." The above-quoted hearsay snippet from Mr. Hanson's report is not.

Because it is not, Ms. Lie has not presented the type of evidence that the Circuit Court requires to enable this court to conclude that Ms. Lie has a meritorious defense to the Second Claim for Relief alleged in the First Amended Complaint.

C. Setting Aside the Default Will Significantly Prejudice the Plaintiffs. Conversely, Not Setting Aside the Default Will Not Significantly Prejudice Sharron Lie.

For the past ten months the plaintiffs have invested significant time and more than $14,000 to prosecute this action against KIC in the manner that the Federal Rules of Civil Procedure require. If the court grants the instant motion, the

11

consequence will be that the plaintiffs will be required to invest even more time, and even more money, to obtain the adjudication of the First Claim for Relief alleged in their First Amended Complaint to which they are entitled than they would if the court denies the motion.

While that is significant prejudice, the Circuit Court has directed that "the ordinary cost of litigating is not a relevant consideration when evaluating the prejudice factor." See TCI Group Life Insurance Plan v. Knoebber, supra at 701.

But considerations of fundamental fairness suggest that the court should not exercise its discretion in equity to reward Sharron Lie for flaunting - without a scintilla of explanation as to why she did so - the Federal Rules of Civil Procedure with which the plaintiffs have complied throughout the course of this litigation.

It also should be noted that if the instant motion is denied, Ms. Lie will not be prejudiced.

Rightly or wrongly, in 1993 KIC agreed to convey to Ms. Lie title to the surface estate of an acre of land on Chairtree Island. If the plaintiffs prevail in the adjudication of the First Claim for Relief alleged in their First Amended Complaint and the court directs KIC to convey to plaintiff Johnson title to

the surface estate of an 80 x 100 foot parcel of land on Chairtree Island whose boundaries include within their purview the cabin that plaintiff Gallahorn has constructed, since it owns <u>all</u> of the land on Chairtree Island, KIC still may convey an acre parcel to Ms. Lie (no matter that she has not satisfied the section 14(c)(1) of ANCSA occupancy requirement).

Given those respective equities, the court should be hesitant to exercise its discretion by granting the instant motion.

## <u>Conclusion</u>

For the reasons set forth above, the plaintiffs respectfully request the court to deny the motion of Sharron Lie to set aside her default.

DATED: February 22, 2006

/s/ Donald Craig Mitchell
_____
Donald Craig Mitchell

Attorney for Plaintiffs

Certificate of Service

     I certify that on February 22, 2006 a copy of Opposition to Motion to Set Aside Default, Request for Oral Argument, and proposed Order were sent electronically to:

| | |
|---|---|
| John Havelock | Samuel Fortier |
| Attorney for Defendant | Attorney for Sharron Lie |
| jehavelock@yahoo.com | fortmikk@ak.net |

                    /s/ Donald Craig Mitchell
                    _____
                    Donald Craig Mitchell

                    Attorney for Plaintiffs