Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE, <br><br> Defendants. | ) ) ) ) ) Case No. A05-110 CV (JKS) ) ) ) ) ) ) **REPLY TO OPPOSITION** ) **MOTION TO SET ASIDE** ) **DEFAULT** |

## INTRODUCTION

Ms. Gallahorn seeks to overturn the considered opinion of everyone who has reviewed

the matter. The local people closest to the situation determined against the claim at a time

when Ms. Gallahorn's brother was the president of KIC. The local people know Ms.

Gallahorn they know the Lies; and remember the Johnsons. They looked at and considered

the conflicting claims, and made a decision. Then, a disinterested third-party was hired as a hearing officer to adjudicate the subsequent appeals. He considered the evidence that was before him, including the testimony of the people closest to the situation. He found against Ms. Gallahorn's claims.

Now, Ms. Gallahorn seeks to overturn the judgment of her peers, and would prefer that the court not hear from Ms. Lie at all. Interestingly, it is undisputed that Ms. Gallahorn, herself, has no original claim. She entered the situation for her recreational interests, and then, arrogantly and obviously, built a home on land that she knew had been given to the Lies. It is hard to conceive of a more arrogant act. There is no suggestion anywhere that Ms. Gallahorn ever contacted the Lies to confirm the boundary between their properties. Ms. Gallahorn built on land that was clearly not hers, and now, with the same arrogance, she suggests that Ms. Lie not be heard. Ms. Gallahorn brought an issue that had been in dispute for not less than 20 years, with a history of over 50 years and did not even notify Lies. At Judge Singleton's "suggestion" that it might be prudent to name the person entitled to the property as a defendant in the case. Ms. Gallahorn amended her complaint, waited thirty seven days, and filed for default judgment, even before default was entered.

Reply to Opposition to Motion to Set Aside Default Judgment

*Johnson v. Kikigranuk, et al.,* Case No. A05-110 CV (JKS)

2

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

**FACTS**

On November 30, 2005, the Court ordered that Plaintiffs "require an answer immediately or apply for default within 20 days." Just two days after the Court's order, Ms. Lie mailed her answer well within the time given by the Court's order.

On December 12, the Clerk entered a default based upon "Affidavit of Counsel for Plaintiff and the records herein that the below-named defendant has failed to plead or otherwise defend" the action. It is clear, however, from Plaintiffs' Motion for Entry of Default, that Ms. Lie did, in fact, plead and defend. Ms. Gallahorn's attorney acknowledged receiving a letter from Ms. Lie and reiterated her defense:

> She argues that she "owns" a parcel of land on Chairtree Island because in 1959 a Kotzebue resident named Fred Morrison quitclaimed his interest in Chairtree Island to Ms. Lie's father, Harold Lie.

Motion for Entry of Default, p. 4. Ms. Gallahorn's attorney then takes issue with, and attempts to debunk, Ms. Lie's claim. Irrespective of the merits of Ms. Lie's answer, one can hardly argue that she "failed to plead or otherwise defend" and at the same time, argue that her defense is inadequate.

At its December 13, 2005 hearing, one day after the Clerk's entry of default, Ms. Lie appeared before the Court telephonically (and her brother Michael Lie appeared in person). The Court directed Ms. Lie to obtain counsel and have counsel file an entry of appearance

Reply to Opposition to Motion to Set Aside Default Judgment                                    3
*Johnson v. Kikigranuk, et al.*, Case No. A05-110 CV (JKS)

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4221 FAX LINE (907) 277-4221

and move to set aside the entry of default on or before January 13, 2006.  Counsel for Ms. Lie entered an appearance on January 9, 2006, and filed an amended answer and a motion to set aside the default on January 13, 2006.

Ms. Gallahorn did not ignore the Summons and Complaint.  After receiving the Summons and Complaint in October, she approached the land manager at KIC, Ernest Norton. *See* Second Affidavit of Sharon Lie.  He told her "not to worry, KIC was handling it." *Id.*  She took no further action until Ernest Norton informed her at the end of November that if she did not answer the complaint on her own behalf she would be defaulted. *Id.* Sharon Lie wasted no time.  She immediately filed a response to the complaint.

She also began looking for an attorney.  There are no civil attorneys in Kotzebue. *Id.* She contacted a civil attorney in Nome's only private law firm who did not wish to practice in an area outside of his expertise. *Id.*  She obtained a referral from the Northwest Arctic Borough's attorney who recommended the undersigned. *Id.*  He entered an appearance and moved to set aside the default within Judge Singleton's timeframe.  Ms Lie attempted to protect her interests at every stage, first by contacting KIC, then by filing an answer and seeking an attorney, then by obtaining a referral, and finally by retaining an attorney who filed a motion to set aside the default within the time allowed by Judge Singleton.

FORTIER & MIKKO, P.C.  A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

**Failure To Set Aside The Default Is A Denial Of Due Process**

In the Alaska case *Aguchak v. Montgomery Ward Co.,* 520 P.2d 1352 (Alaska 1974), the Court found that a summons that failed to inform rural indigent debtors of the option of filing written pleadings was constitutionally defective. The issues raised in *Aguchak* are relevant to the case at bar. The Court found the summons served on Mr. Aguchak was defective against the due process clause of the Alaska Constitution when the court "appl[ied] the clause to the unique relation between bush and metropolitan areas in Alaska, and by looking to the manner in which a similar federal due process provision has been interpreted." *Citing Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 317, 70 S. Ct. 652, 656-657, 94 L. Ed. 865, 873 (1950). The Court held that deprivation of life, liberty and property by adjudication must be proceeded by notice and opportunity for hearing appropriate to the nature of the case. *Aguchak,* 520 P.2d at 1356. In *Aguchak,* the court acknowledged "the difficulties of locating counsel in the outlying areas of Alaska exacerbate the already substantial impediments of defense." *Aguchak* at 1357. The court found that the notice provided by the summons which failed to inform the indigent bush defendant of the right to file a written pleading was not reasonably calculated to afford the defendant with an opportunity to be heard at a meaningful time and in a meaningful manner. *Id. Aguchak* applies the federal due process analysis and is therefore persuasive authority for this court.

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

In this case, the Summons provided to Ms. Lie, informed her that she must answer the Plaintiff's complaint, but does not provide her with notice that her answer must take a particular form:

> YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY… an answer to the complaint which is served on you with this summons, within 20 days after service of this summons on you….

*See* Summons.    Ms. Lie did serve an answer on Plaintiff's attorney.    Mr. Mitchell acknowledged receiving Ms. Lie's response, but he continued to seek default nonetheless.[1] To hold that Ms. Lie's answer was not an answer is to deny Ms. Lie her opportunity to be heard in violation of the due process clause of the United States Constitution. Default should not have been entered.  Having been entered erroneously it must be set aside.  Ms. Lie's answer to the complaint was filed within the 20 day period ordered by the Court on November 30, 2005.

## CONCLUSION

Ms. Lie answered almost as soon as KIC informed here that she needed to answer in order to avoid being defaulted, well within the 20 days ordered by the Court.  The heart of Ms. Gallahorn's argument against Ms. Lie appears in her Complaint, it is restated in her

---

[1] He sought and obtained the default by failing to credit the letter as an answer even though it contained the case number, indicated that it was sent to the court, contained exhibits, responded to the complaint with a defense, and was signed by Ms. Lie.

Reply to Opposition to Motion to Set Aside Default Judgment                                                    6
*Johnson v. Kikigranuk, et al.,* Case No. A05-110 CV (JKS)

Motion for Entry of Default and again in her Opposition to Set Aside Default. The argument is that the information on the Lies' application shows that they are not qualified to receive the land. While it should not be necessary to argue the merits of the case at this stage, Ms. Gallahorn keeps returning to this single document, despite other voluminous evidence. Further review of the entire application shows the basis of the claim, Mr. Lie's use. But, Ms. Gallahorn's focus on this single document reveals the pattern of her litigation strategy. What Ms. Gallahorn seeks to do in her Opposition (Ms Lie's answer is not an answer) is consistent with her main argument (the Lies' application is defective and disqualifies them). Ms. Gallahorn seeks to press some perceived procedural advantage to prevail. She has adopted this tactic by necessity so that she can avoid addressing the fact that the merits of her underlying case were already reviewed and rejected, first by KIC staff, then by the KIC Board of Directors then by an independent hearing officer and finally by the KIC board again. Procedural maneuvering to obtain an advantage is her primary (only) tool. The Court should set aside the default and allow the case to be determined on its merits.

DATED at Anchorage, Alaska this 6th day of March, 2006.

> FORTIER & MIKKO, P.C.
> Attorneys for Defendant
> Sharron Lie
>
> By: ___/s/ Samuel J. Fortier___
>         Samuel J. Fortier
>         ABA No. 8211115

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221

**Certificate of Service**
I hereby certify that a true and correct copy
of the following document has been sent
electronically and via US mail this 6th day of
January 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501


/s/ Samuel J. Fortier
Fortier & Mikko

Reply to Opposition to Motion to Set Aside Default Judgment          8
*Johnson v. Kikigranuk, et al.,* Case No. A05-110 CV (JKS)