DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MABEL JOHNSON, by Deborah Higgins,  )
her Next Friend and Daughter, and   )
KARAN GALLAHORN,                    )
                                    )
            Plaintiffs,             )
                                    )   No. A05-110 CV (TMB)
vs.                                 )
                                    )
KIKIKTAGRUK INUPIAT CORPORATION,    )
                                    )
            Defendant.              )
_____)
```

MOTION TO STRIKE

The plaintiffs move the court to strike the Affidavit of Sharron Lie (March 6, 2006), and to strike those portions of Ms. Lie's Reply to Opposition Motion to Set Aside Default (sic) that present arguments which rely upon that affidavit.

The purpose of this motion is to require Ms. Lie to comply with Local Civil Rule 7.1(b).

On October 18, 2005 the plaintiffs served Ms. Lie with a summons and a copy of their First Amended Complaint. See Clerk's Docket No. 13 (Green card signed by Ms. Lie attached to the original copy of the summons). See also Plaintiffs' Exhibit No. 11 (confirmation by United States Postal Service that on October 18, 2005 Ms. Lie signed for the envelope that contained the summons and First Amended Complaint).

When Ms. Lie did not file an answer or otherwise appear, on December 12, 2005 the Clerk of Court entered a default against Ms. Lie. See Clerk's Docket No. 22.

On January 13, 2006 Ms. Lie, appearing through counsel, filed a Motion to Set Aside Default. See Clerk's Docket No. 30.

Local Civil Rule 7.1 sets out the procedure to which this court requires Ms. Lie to adhere in arguing for her motion, and requires the plaintiffs to adhere in arguing against her motion.

Rule 7.1 afforded Ms. Lie an opportunity to present to the court whatever evidence she wished and to make to the court whatever arguments she wished in support of her motion. Rule 7.1 then afforded the plaintiffs an opportunity to respond to all of Ms. Lie's evidence and arguments.

In the memorandum they filed in opposition to Ms. Lie's Motion to Set Aside Default the plaintiffs pointed out that in

her motion Ms. Lie had presented no evidence which demonstrated that her own culpable conduct was not the cause for her default.

Local Civil Rule 7.1(b) afforded Ms. Lie an opportunity, if she wished to make use of it, to respond to the plaintiffs' opposition memorandum by filing a reply memorandum. Local Civil Rule 7.1(b) states:

> A reply memorandum by the party initiating a motion is optional, and, if filed, <u>must</u> be restricted to rebuttal of factual and legal arguments raised in the opposition.
> (emphasis added).

Ms. Lie filed a reply memorandum.

In her reply memorandum it would have been within the scope of the procedural opportunity that Local Civil Rule 7.1(b) confers for Ms. Lie to have argued that the plaintiffs were wrong when they asserted in their opposition memorandum that Ms. Lie had presented no evidence in her motion which demonstrated that her own culpable conduct was not the cause for her default. Instead, in her reply memorandum Ms. Lie concedes, albeit implicitly, that the plaintiffs are correct, but then attempts to cure that fatal defect in her motion by submitting a new affidavit in which, for the first time, she attempts to offer evidence - i.e., her own self-serving statement - which she hopes the court will accept as an exculpatory explanation for her

culpable conduct.

But both that new evidence and the argument made in support of that new evidence is beyond the scope of the authority to file a reply memorandum that Local Civil Rule 7.1(b) granted to Ms. Lie.

For a very good reason.

And that reason is that it would be a violation of the fundamental procedural fairness that the Fifth Amendment guarantees for the court to deny an opposing party an opportunity to respond to *all* of the evidence a movant presents in support of a motion.

That is the constitutional violation that Ms. Lie's disregard of Local Rule 7.1(b) will have brought about if the court considers the new evidence, and the argument based on that evidence, that she has presented for the first time on rebuttal.

## Conclusion

Over the past ten months the plaintiffs have spent considerable time and effort, and incurred considerable expense in the guise of attorney's fees, to comply with the Federal Rules of Civil Procedure and the Local Civil Rules. By contrast, Ms. Lie has acted repeatedly in a manner which suggests that she

believes that she may disregard those rules with impunity and that there is no adverse consequence if she does so.

That is not how this court expects litigants to behave, particularly a litigant who now is represented by experienced counsel. Because it is not, for the reasons set forth above, the plaintiffs respectfully request the court to grant their Motion to Strike.

DATED: March 7, 2006

                                              s/ Donald Craig Mitchell

                                                   1335 F Street
                                                   Anchorage, Alaska 99501
                                                   (907) 276-1681
                                                   (907) 276-1682 Fax
                                                   dcraigm@aol.com

                                              Attorney for Plaintiffs

### Certificate of Service

I certify that on March 7, 2006 a copy of Motion to Strike and proposed Order was sent electronically to:

        John Havelock            Samuel Fortier
        Attorney for Defendant   Attorney for Sharron Lie
        jehavelock@yahoo.com     fortmikk@ak.net

                                              s/ Donald Craig Mitchell