Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br>Plaintiffs, <br><br>vs. <br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE, <br><br>Defendants. | Case No. A05-110 CV (JKS) <br><br> **OPPOSITION TO MOTION TO STRIKE AFFIDAVIT OF SHARRON LIE** |

The courts have considered and permitted the entry of reply affidavits under a variety of Federal rules. The case *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc.*, 767 F. Supp. 1220, 1234 (S.D. N.Y. 1991) "[d]ispel(s) the ... assertion that Rule 6(d) renders reply affidavits untimely because they were not originally filed with the summary judgment motion." *Petris v. Lincoln Electric Co.*, 285 F.3d 456, 476 (6th Cir. 2002): "Where the reply

Opposition to Motion to Strike Affidavit of Sharron Lie                                               1
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)

affidavit merely responds to matters placed in issue by the opposition brief and does not spring upon the opposing party new reasons for the entry of summary judgment, reply papers -- both briefs and affidavits -- may properly address those issues." *Beck v. University of Wisconsin, Board of Regents,* 75 F.3d 1130, 1135 (7th Cir. 1996), *quoting Baugh v. City of Milwaukee,* 823 F. Supp. 1452 (E.D. Wis. 1993).

In this case, Ms. Lie argued that her conduct was not culpable because she answered before the default was entered, during the additional 20 days provided by the Court in its Minute Order of November 30, 2005. In opposition, Ms. Gallahorn raised the issue that Ms. Lie did not file her response within the initial 20 day period and, therefore, her conduct was culpable during the first 20 days. So, Ms. Lie replied and included an affidavit explaining that she had reason to believe that KIC would handle the matter for her and how, as soon as she found out from KIC's land manager that she was in danger of default, she responded almost immediately and that her response was well within the Court ordered 20 day extension of time to file an answer. Here, as in *Baugh,* the reply affidavit merely responds to matters placed at issue by the opposition brief.

In *Baugh v. City of Milwaukee,* 823 F. Supp. 1452 (E.D. Wis. 1993), victims of a housing fire brought a civil rights action against the city and its officials alleging the city had a policy of racial discrimination through inferior housing inspections. The plaintiffs moved to strike supplemental affidavits filed with the reply brief. The court characterized the

Opposition to Motion to Strike Affidavit of Sharron Lie     2
*Johnson v. Kikiktagruk, et al.,* Case No. A05-110 CV (JKS)

motion to strike as "[b]ased on a hyper technical reading of Federal Rules of Civil Procedure 6(d) and 56(e) and Local Rule 6.01. *Id., 823* F. Supp. at 1456. The court pointed out that Rule 6(d) is silent as to the submission of reply affidavits. *Id.* The local rule was also silent regarding affidavits. It said that "[r]eply briefs shall be limited to matters and reply." *Id.* Likewise, Federal Rule of Civil Procedure 56(e) discusses only affidavits in support of or an opposition to a motion for summary judgment and states that the judge may permit affidavits to be supplemented. *Id.* The court made short shrift of the argument that reply briefs were not part of the rules:

> It seems absurd to say that reply briefs are allowed but that a party is prescribed from backing up its arguments in reply with necessary evidentiary material. *Id.*

The court addressed due process concerns by stating that when new evidence was presented, a mechanism for further response should be provided. *Id.* The Local Rules of the District of Alaska expressly contemplate new materials filed with reply briefs and provide the non-moving party with an avenue of response.

> *Factual materials. S*upplemental factual materials, *e.g.,* deposition excerpts, discovery responses, and affidavits <u>responding to new materials filed with reply briefs</u>, or on account of a change in circumstances may be filed only by leave of court. (emphasis added)

If she wishes to respond to the affidavit, Ms. Gallahorn is provided with an option by Local Rule 7.1(h)(2). Instead, Ms. Gallahorn prefers to raise the specter of deprivation of her constitutional right to due process. But, Ms. Gallahorn failed to use the process

Opposition to Motion to Strike Affidavit of Sharron Lie　　　　　　　　　　　　　　3
*Johnson v. Kikiktagruk, et al.,* Case No. A05-110 CV (JKS)

provided, and thus, she has no grounds to argue a deprivation.

Ms. Gallahorn's interest is not in determining the truth of whether Ms. Lie's conduct was culpable. Rather, she seeks to belabor some procedural advantage she has divined. For the fourth time in as many pleadings, Ms. Gallahorn has raised procedural objections hoping to score a "knock-out" in an attempt to obviate the need to address the underlying merits of the case. The current Motion to Strike is simply another effort to avoid a decision on the merits.

The Motion to Strike Ms. Lie's affidavit should be denied, because it is frivolous. A reply affidavit is permitted under the Federal Rules, because it responds to arguments made in opposition. Ms. Gallahorn has not availed herself of the proper means under Local Rule 7.1(h)(2) to respond to new materials filed with Ms. Lie's reply.

DATED at Anchorage, Alaska this 31st day of March, 2006.

FORTIER & MIKKO, P.C.
Attorneys for Defendant
Sharron Lie

By: /s/ Samuel J. Fortier
    Samuel J. Fortier
    ABA No. 8211115

Opposition to Motion to Strike Affidavit of Sharron Lie                                    4
*Johnson v. Kikiktagruk, et al.,* Case No. A05-110 CV (JKS)

**Certificate of Service**
I hereby certify that a true and correct copy of the following document has been sent electronically this 31st day of March 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501

_____
Fortier & Mikko

Opposition to Motion to Strike Affidavit of Sharron Lie
*Johnson v. Kikiktagruk, et al.*, Case No. A05-110 CV (JKS)