DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>        Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION,<br><br>        Defendant. | No. A05-110 CV (TMB) |

REPLY TO OPPOSITION OF SHARRON LIE TO MOTION TO STRIKE

The memorandum of Sharron Lie opposing the plaintiffs' motion to strike the Affidavit of Sharron Lie (March 6, 2006) approaches the line that separates advocacy from disingenuity.

Ms. Lie has moved the court to set aside the default that has been entered against her.

In the memorandum they filed in opposition to that motion, the plaintiffs pointed out that, in order for the court to determine whether "good cause" exists for granting the motion, Ms. Lie bore the burden of presenting evidence which demonstrates that she has satisfied <u>each</u> of the three factors the circuit court identified in <u>Franchise Holding II, LLC v. Huntington Restaurants Group</u>, 375 F.3d 922, 925-926 (9th Cir. 2004).

The plaintiffs then pointed out that demonstrating that the conduct which resulted in the entry of default was not culpable is the first - and most important - of the three factors, and that, with respect to that factor, Ms. Lie had failed utterly to discharge her evidentiary burden.

In her reply memorandum Ms. Lie did not contest the validity of the plaintiffs' argument. Rather, she attempted to circumvent it by attaching an affidavit to her memorandum that, for the first time, attempts to offer a factual explanation for her failure to appear in this action.

In response, the plaintiffs filed the instant motion, which requests the court to strike the affidavit. They did so because it is a blackletter rule that if a party fails to move to strike an affidavit that has been filed improperly, the party is deemed

to have waived his or her objection to its consideration. See cf. Allen v. Scribner, 812 F.2d 426, 435 n. 18 (9th Cir. 1987).

In her opposition to the instant motion, Ms. Lie proffers two arguments.

The first is that she acted properly in attaching an affidavit that, for the first time, presents new evidence that she believes supports her motion to aside the default. The second is that, if arguendo the affidavit was filed improperly, Local Civil Rule 7.1(h)(2) affords the plaintiffs a procedural means to refute it.

Neither argument is meritorious.

With respect to the first, Rule 6(d) of the Federal Rules of Civil Procedure required Ms. Lie to file her affidavit with her motion to set aside the default; not with her reply memorandum. That quite sensible rule "is designed to prevent the moving party from springing new facts on the non-moving party when it is too late for that party to contest them." See Petris v. Lincoln Electric Co., 285 F.3d 456, 476 (6th Cir. 2002).

That is the situation here.

In her opposition memorandum, Ms. Lie cites decisions from other jurisdictions which she asserts support her contention that it was appropriate for her to have attached her affidavit to her

reply memorandum. However, on careful reading, none of those decisions is authority for that proposition.

In <u>Litton Industries v. Lehman Bros. Kuhn Loeb, Inc.</u>, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), the district court noted that it may be appropriate for a moving party to attach an affidavit to a reply memorandum when the opposition memorandum of the non-moving party raises previously unforeseen issues. <u>See</u> <u>also</u> <u>accord</u> <u>Baugh v. City of Milwaukee</u>, 823 F. Supp. 1452, 1456-1457 (E.D. Wis. 1993)(noting that it may be appropriate for a moving party to attach an affidavit to a reply memorandum when an opposition memorandum raises issues "that were unforeseen at the time the motion was first proferred"). But in their memorandum opposing Ms. Lie's motion to set aside default, the plaintiffs raised a thoroughly foreseeable issue, i.e., the question of whether, in her motion, Ms. Lie had met her evidentiary burden of demonstrating that she had satisfied each of the three factors that collectively embody the "good cause" test.

In <u>Beck v. University of Wisconsin, Board of Regents</u>, 75 F.3d 1130, 1134* (7th Cir. 1996), the circuit court observed that, while it may be appropriate to attach an affidavit to a reply memorandum, a moving party may not do so if the practical

4

consequence is to "spring upon the opposing party new reasons for granting the motion." Accord Baugh v. City of Milwaukee, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993).

But that is precisely the result Ms. Lie intended to effectuate with respect to her motion to set aside default when she attached her affidavit to her reply memorandum.

Finally, in both Litton Industries, supra at 1235, and Baugh, supra at 1457, those district courts observed that if for some reason it is appropriate for a moving party to attach an affidavit to a reply memorandum, "the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion."

That consideration of fundamental fairness directly implicates Ms. Lie's second argument regarding Local Civil Rule 7.1(h)(2). In her memorandum opposing the plaintiffs' motion to strike, Ms. Lie makes her argument as follows:

> The Local Rules of the District of Alaska expressly contemplate new materials filed with reply briefs and provide the non-moving party with an avenue of response.
>
> > Factual materials. Supplemental factual materials, e.g., deposition excerpts, discovery responses, and affidavits responding to new materials filed with reply briefs, or on account of a change

> in circumstances may be filed only by leave of court.
>
> If she wishes to respond to the affidavit, Ms. Gallahorn is provided with an option by Local Rule 7.1(h)(2). Instead, Ms. Gallahorn prefers to raise the specter of deprivation of her constitutional right to due process. But, Ms. Gallahorn failed to use the process provided, and thus, she has no grounds to argue a deprivation. (emphasis in original)

For three reasons, that argument borders on disingenuity.

First, because, as the text of the rule states clearly and unambiguously, the plaintiffs have no "right" to make a filing pursuant to Local Civil Rule 7.1(h)(2). Rather, they may do so only by leave of court.

Second, because, as the text of the rule states clearly and unambiguously, such leave is not "routinely granted".

Third, and most determinative here, as the text of the rule states clearly and unambiguously, the purpose of Local Civil Rule 7.1(h)(2) is to provide a party a procedural means to file "[s]upplemental <u>factual</u> materials, e.g., deposition excerpts, discovery responses, and affidavits" (emphasis added).

With respect to Ms. Lie's affidavit, if, as Rule 6(d) of the Federal Rules of Civil Procedure required, she had filed the affidavit with her motion to set aside default, the plaintiffs would have responded, not by filing an affidavit or other factual

material, but by including in their opposition memorandum a legal argument that would have explained why, even if arguendo the facts Ms. Lie alleged in her affidavit are true, those facts do not demonstrate that the conduct of Ms. Lie that resulted in the entry of default was not culpable.

Simply put, on its face, Local Civil Rule 7.1(h)(2) does not afford a non-moving party a procedural opportunity after a moving party has filed a reply memorandum to file an additional memorandum that proffers additional legal argument.

## Conclusion

Either the plaintiffs have a right to have this court adjudicate the claim for relief alleged in their First Amended Complaint in the manner that the Federal Rules of Civil Procedure and the Local Civil Rules require, or they do not.

If they do have such a right, for the reasons set forth both in their motion and above, the plaintiffs respectfully request the court to grant their Motion to Strike.

DATED: April 2, 2006

                          s/ Donald Craig Mitchell

                            1335 F Street
                            Anchorage, Alaska 99501
                            (907) 276-1681
                            (907) 276-1682 Fax

                                        dcraigm@aol.com

                                    Attorney for Plaintiffs

## Certificate of Service

     I certify that on April 2, 2006 a copy of Reply to Opposition of Sharron Lie to Motion to Strike was sent electronically to:

        John Havelock         Samuel Fortier
        Attorney for Defendant  Attorney for Sharron Lie
        jehavelock@yahoo.com   fortmikk@ak.net

                                    s/ Donald Craig Mitchell