DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIKIKTAGRUK INUPIAT CORPORATION <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )  No. 3:05-cv-00110-JWS |

## STATUS REPORT

Pursuant to the Order Requiring Status Report for Cases Reassigned to the Honorable Timothy M. Burgess, Clerk's Docket No. 57, counsel for plaintiffs Mabel Johnson and Karan Gallahorn and defendant Kikiktagruk Inupiat Corporation (KIC) conferred to prepare a joint status report. After doing so, they were unable to agree fully on the content thereof. As a consequence, counsel for defendant KIC will file a separate report.

A. <u>Nature of the Case</u>

   1. <u>Attorneys</u>

      Plaintiffs' attorney: Donald Craig Mitchell

      Defendant's attorney: John Havelock

      Sharron Lie's attorney: Samuel Fortier

   2. <u>Basis for Federal Jurisdiction</u>

      Federal Question (28 U.S.C. 1331).

   3. <u>Nature of the Claims Asserted</u>

      The first claim for relief alleged against defendant KIC in the First Amended Complaint is based on promissory estoppel. The factual basis of the claim is the plaintiffs' assertion that an authorized agent of defendant KIC made certain factual representations to plaintiff Karan Gallahorn regarding where she should locate the boundaries of the parcel of land whose title defendant KIC must convey to plaintiff Mabel Johnson pursuant to section 14(c)(1) of the Alaska Native Claims Settlement Act (ANCSA) and that plaintiff Gallahorn reasonably relied on those factual representations.

The second claim for relief alleged against Sharron Lie in the First Amended Complaint requested the court to enter a declaratory judgment that Ms. Lie is not eligible, pursuant to section 14(c)(1) of the ANCSA, to be conveyed by defendant KIC title to any parcel of land on Chairtree Island. A default has been entered against Ms. Lie. As a consequence, the merits of that claim no longer are before the court.

4. <u>Name of Any Party Who Has Not Been Served</u>

   There is no party who has not been served.

5. <u>Principal Legal Issues</u>

   <u>Plaintiffs' Legal Issues</u> (First Claim for Relief)

   a. Whether the individual who made to plaintiff Gallahorn the factual representations alleged in the First Amended Complaint was the authorized agent of defendant KIC at the time he made the representations.

   b. Whether plaintiff Gallahorn's reliance on the factual representations alleged in the first claim for relief was reasonable.

<u>Defendant's Legal Issues</u> (Affirmative Defenses)

a. Whether the plaintiffs failed to exhaust their administrative remedies.

b. Whether the dispute between the plaintiffs and defendant KIC is res judicata at the administrative level.

c. Whether the court has jurisdiction to overturn a finding by defendant KIC's hearing officer that was confirmed by defendant KIC's board of directors.

d. Whether the first claim for relief states a claim upon which relief can be granted.

e. Whether, if plaintiff Gallahorn has been injured by defendant KIC, that injury is the result of plaintiff Gallahorn's negligence, gross negligence, or failure to take appropriate protective measures.

f. Whether when she staked out the boundaries of the parcel of land whose title defendant KIC will convey to plaintiff Johnson, plaintiff Gallahorn assumed the risk that defendant KIC would not convey to plaintiff Johnson title to the land located within those boundaries.

    g. Whether the plaintiffs are estopped from litigating their first claim for relief.

    h. Whether, when she built her cabin, plaintiff Gallahorn acted in trespass.

    i. Whether the first claim for relief is barred by the Statute of Frauds.

    j. Whether Deborah Higgins has legal authority to bring this action on behalf of plaintiff Johnson.

    k. Whether plaintiff Gallahorn has standing to bring this action.

6. <u>Principal Factual Issues</u>

   <u>Plaintiffs' Factual Issue</u>

   Whether the authorized agent of defendant KIC made to plaintiff Gallahorn the factual representations alleged in the first claim for relief.

   <u>Defendant's Factual Issue</u>

   Whether plaintiff Johnson has suffered any injury.

B. <u>Discovery</u>

  1. <u>Completed and Remaining Discovery</u>

   No discovery has been conducted by either party.

2. <u>Pending Motions</u>

    The following pending motions have been briefed and are ready for oral argument and decision:

    a. Plaintiffs' Motion for Summary Judgment.

    b. Plaintiffs' Motion to Strike Opposition of Sharron Lie to Plaintiffs' Motion for Summary Judgment.

    c. Sharron Lie's Motion to Set Aside Default.

    d. Plaintiffs' Motion to Strike Affidavit of Sharron Lie and Those Portions of Ms. Lie's Reply to Plaintiffs' Opposition to Motion of Sharron Lie to Set Aside Default Which Rely on That Affidavit.

3. <u>Previously Entered Rulings on Substantive Issues</u>.

    a. On August 3, 2005 the court denied the defendant KIC's motion to dismiss for lack of federal question jurisdiction.

    b. On September 21, 2005 the court denied defendant KIC's motion to dismiss for lack of ripeness and failure to state a claim upon which relief can be granted.

    c. On December 12, 2005 the clerk entered a default against Sharron Lie.

      d. At a hearing on December 12, 2005 the court advised Ms. Lie to obtain counsel and further advised Ms. Lie that, if she wished the court to entertain a motion to set aside the default that had been entered against her, she should file her motion or before January 13, 2006.

4. <u>Previously Filed Status Reports</u>

    No status report previously has been filed.

C. <u>Trial</u>

    The plaintiffs estimate that a trial will take two days to conduct. A jury has not been requested.

D. <u>Settlement</u>

    There have been no settlement discussions. The possible benefit of settlement discussions cannot be determined until the court decides the pending motions.

DATED: May 22, 2006

                        s/ Donald Craig Mitchell
                        Attorney for Plaintiffs