John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com

Attorney for Defendant
    KIKIKTAGRUK INUPIAT CORPORATION

### UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN | ) ) ) ) | |
| Plaintiffs, | ) ) | A05-110 CV (JWS) |
| vs. | ) ) | STATUS REPORT PER DEFENDANT KIKIKTAGRUK |
| KIKIKTAGRUK INUPIAT CORPORATION and SHARON LIE, | ) ) ) | INUPIAT CORPORATION |
| Defendants. | ) ) ) | |

INTRODUCTION

The plaintiffs Johnson, Higgins and Gallahorn on the one hand and Defendant Kikiktagruk Inupiat Corporation (KIC) on the other, have been unable to agree to a common status report, starting with the caption.  Accordingly, these parties have agreed that each will file their own status report.

The procedural status of defendant Sharron Lie.

The disagreement begins with the status of Sharron Lie.  Ms. Lie is named as a defendant in the plaintiffs' amended complaint, but now the plaintiffs wish that the name

be dropped summarily because a default has been entered.  All parties are well aware that a motion to set aside the default is pending before the court.  KIC supports the position of Sharron Lie that the default should be set aside.  But in any case, as KIC understands the rules, the entry of a default does not eliminate the claims stated by the plaintiffs against Lie in their Amended Complaint. Under local Rule 51.1 and FRCP 55, the entry of a Default is the first step in a two step proceeding.  Under FRCP 55(b)(2), the plaintiffs must apply to the court for a default judgment and show the court through hearing that they are entitled to a judgment.  If the defendant Lie became a "non-person" as a result of the default, being unable to participate even in status proceedings and disappearing from the title of the case, how can the plaintiffs even obtain a judgment?  Perhaps the plaintiffs intend to dismiss their claim against the Lies, but this has not happened.

<u>What the case is about</u>.

This case is at bottom a boundary dispute between adjoining land claimants.  Defendant KIC is caught in the middle as an ANCSA village corporation that is responsible for conveying legal title when the dust clears, and has no stake in the proceeding other than to explain what proceedings it has undertaken, and to see that justice is done between two of its shareholders.  KIC can see where the plaintiffs might desperately wish that Ms. Lie not be allowed to present her claim to the land, so that the dispute is only between KIC and the plaintiffs, but it requires a major distortion of facts and law to make this happen.  It is the position of KIC on this status hearing that the court first rule on the motion to set aside the default so that the issue of parties is resolved.

A.    <u>Nature of the Case</u>

     1.    <u>Attorneys</u>

Plaintiffs' attorney: Donald Craig Mitchell Defendant

KIC's attorney: John Havelock

Sharron Lie's attorney: Samuel Fortier

2.    Basis for Federal Jurisdiction

Federal Question (28 U.S.C. 1331), arising under the Alaska Native Claims Settlement Act, 43 USC 1601, 1613(c)(1), as amended (2000).

3.    Nature of the Claim Asserted

[Plaintiff's statement.]  The plaintiffs' claim for relief is based on promissory estoppel. The factual basis of that claim is the plaintiffs' assertion that an authorized agent of the defendant made certain factual representations to plaintiff Karan Gallahorn regarding where she should locate the boundaries of the parcel of land that the defendant must convey to plaintiff Mabel Johnson pursuant to section 14(c)(1) of the Alaska Native Claims Settlement Act and that plaintiff Karan Gallahorn reasonably relied on those factual representations.

[KIC's supplement.]  Plaintiff has also asserted a declaratory judgment claim against defendant Lie.   This claim seeks a declaratory judgment that, notwithstanding the determination of the hearing officer that Ms. Lie was entitled to land under 43 U.S.C. § 1613(c)(1), land which Ms. Johnson also claimed, this determination has no effect, Ms. Lie has no viable claim and Ms. Gallahorn is entitled to possession and title to the land on her estoppel claim.

4.    Name of Any Party That Has Not Been Served

There is no party who has not been served.

5.    <u>Principal Legal Issues</u>

a.    Whether the individual who made to plaintiff Karan Gallahorn the factual representations alleged in the First Amended Complaint was the authorized agent of the defendant at the time he made the representations.

b.    Whether plaintiff Karan Gallahorn's reliance on the factual representations alleged in the First Amended Complaint was reasonable.

c.    Whether Mabel Johnson conveyed or had a right to convey a legally cognizable interest to Karan Gallahorn giving her an interest in the disputed land or in these proceedings.

d.    Whether the adjudication of the claims of Mabel Johnson and Sharron Lie to the disputed land by a hearing officer appointed by the defendant is binding on those parties.

e.    What deference should be given to the findings and/or determination of the independent hearing officer who heard the land dispute between the plaintiff and Sharron Lie, in a proceeding where the parties previously appeared voluntarily, and adjudicated the matter in an alternate dispute resolution proceeding mandated pursuant to 43 U.S.C. § 1613(c)(1), the implementing regulations, and the policies and procedures of defendant KIC.

f.    Whether, having participated in the administrative proceedings sponsored by KIC, these plaintiffs are estopped or have waived their right to a separate judicial determination of the issues.

g.    Whether the appropriate resolution of this case is that the matter be remanded to the hearing officer for further hearing on the precise location of the line dividing Johnson and Lie property.

h.     If the hearing officer's determination is not binding, whether the defendant Mabel Johnson is entitled to a conveyance of the land in question under Section 14 (c)(1) of the Alaska Native Claims Settlement Act.

i.     Whether Mabel Johnson and/or Karan Gallahorn is trespassing on land in which the equitable title is held by Sharron Lie or visa versa.

j.     Whether specific performance is available as a remedy to Mabel Johnson or Karan Gallahorn on their claim.

k.     Whether Sharron Lie is a necessary party to a judicial proceeding in which the plaintiffs ask that land, to which Sharron Lie alleges she has equitable title as a result of an administrative adjudication, be conveyed by the defendant, the holder of the legal title, to the plaintiffs.

l.     Whether plaintiffs' claims can be fairly adjudicated in the absence of Ms. Lie.

m.     Whether an entry of default against Ms. Lie prevents Ms. Lie from participating in this litigation, including, preparation, discussions and submittal of a joint status report, and pretrial preparation and trial, where the default was entered prematurely and/or has been cured and/or may be set aside.

n.     Whether, as a matter of law, Ms. Lie's interest in the disputed 14(c)(1) parcel at issue is prior in time and superior in right to Ms. Gallahorn's alleged interest.

o.     Whether the plaintiffs' claim is barred by the statute of frauds.

p.     The other legal issues advanced in each of the eleven affirmative defenses pled by the defendant.

6.   <u>Principal Factual Issue</u>

a.   Whether an authorized agent of the defendant made to plaintiff Karan Gallahorn the factual representations alleged in the First Amended Complaint.

b.   Whether Karan Gallahorn built her cabin where she alleges she was authoritatively told that she could?

c.   Whether Ms. Gallahorn knew or should have known that in building her cabin where she did, she was inevitably or potentially in conflict with either Ms. Lie's claim, or the hearing officer's decision, or both.

d.   Whether the hearing officer reached a conclusion as to where the line dividing Johnson and Lie parcels should be.

e.   Whether, based on the hearing officer's decision, the defendant reached a reasonable conclusion in determining where the line should be drawn separating the Lie and Johnson properties.

B.   <u>Discovery</u>

1.   <u>Completed and Remaining Discovery</u>

No discovery has been conducted by either party. The parties have not yet completed a discovery plan.

2.   <u>Pending motions</u>

The following pending motions, having been fully briefed, are ready for oral argument and decision:

a.   Motion of Sharron Lie to set Aside Default, and Answer amending pro per Answer.

b.   Plaintiffs' Motion for Summary Judgment.

c.    Plaintiffs' Motion to Strike Opposition of Sharron Lie to Plaintiffs' Motion for summary Judgment.

d.    Plaintiffs' Motion to Strike Affidavit of Sharron Lie and Those Portions of Ms. Lie's Reply to Plaintiffs' Opposition to Motion of Sharron Lie to Set Aside Default Which Rely on That Affidavit.

e.    In the event that the default is set aside, the defendant KIC will file a cross-motion for summary judgment.

3.    <u>Previously Entered Rulings on Substantive Issues.</u>

a.    On August 3, 2005 the court denied the defendant's motion to dismiss for lack of federal question jurisdiction.

b.    On September 21, 2005 the court denied the defendant's motion to dismiss for lack of ripeness and failure to state a claim upon which relief can be granted.

c.    On December 12, 2005 the court entered a default against Sharron Lie.

d.    On December 13, 2005, the Court directed Ms. Lie to retain counsel and to file a motion for relief from Default by Jan. 13, 2006.

4.    <u>Previously Filed Status Reports</u>

No status report previously has been filed.

C.    <u>Trial</u>

The parties estimate that a trial will take 4 day(s) to conduct. A jury has not been requested. If Sharron Lie is admitted as a party, a motion for summary judgment may be expected from the defendant and or Sharron Lie.

D.    <u>Settlement</u>

There have been no settlement discussions.

The parties do not believe that settlement discussions will be conducive until after the court's ruling on the pending motions.

Dated this 22ND day of May, 2006.

        s/John Havelock
LAW OFFICES OF JOHN HAVELOCK
632 Christensen Drive, Suite 100
Anchorage, AK  99501
(907)276-1916
(907)258-9053 (fax)
jehavelock@yahoo.com
Alaska Bar # 6101006
Attorney for Defendant KIC

CERTIFICATE OF SERVICE:  I hereby certify that a copy of the foregoing STATUS REPORT PER DEFENDANT KIKIKTAGRUK INUPIAT CORPORATION was served electronically this 22 day of May, 2006 on the following:

DONALD CRAIG MITCHELL
DCRAIGM@AOL.COM

SAM FORTIER
SFORTIER@FORTMIKK.ALASKA.COM

By:     s/John Havelock