DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com

Attorney for Plaintiffs


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, )<br>her Next Friend and Daughter, and  )<br>KARAN GALLAHORN,                   )<br>                                    )<br>            Plaintiffs,             )<br>                                    )<br>vs.                                 )<br>                                    )<br>KIKIKTAGRUK INUPIAT CORPORATION     )<br>                                    )<br>            Defendant.              )<br>_____) | No. 3:05-cv-00110-JWS |

<u>SUPPLEMENTAL STATUS REPORT</u>

Defendant Kikiktagruk Inupiat Corporation (KIC) has chosen to use its status report as a procedural opportunity to reargue its position regarding the motion of Sharron Lie to set aside the default that has been entered against her, as well as regarding the merits of the first claim for relief alleged in the First Amended Complaint.

Fundamental fairness requires that the plaintiffs be afforded an opportunity to respond, albeit briefly, to that reargument.

### Status of Sharron Lie

Prior to filing this action the plaintiffs looked carefully at Sharron Lie's situation and concluded that Ms. Lie was neither an indispensable nor a necessary party. However, in the order in which he denied defendant KIC's second motion to dismiss, Judge Singleton suggested, albeit without so holding, that Ms. Lie might be an indispensable party. <u>See</u> Clerk's Docket No. 11. For that reason, the plaintiffs filed a First Amended Complaint that joined Ms. Lie as a defendant and alleged a claim for relief against Ms. Lie.

On October 18, 2005 Ms. Lie was served with her summons and a copy of the First Amended Complaint. When Ms. Lie neither appeared nor answered the complaint, on December 12, 2005 the Clerk entered a default against Ms. Lie. <u>See</u> Clerk's Docket No. 22.

Subsequent to the entry of default, Ms. Lie retained counsel, and, through that counsel, filed a motion which requests the court to set aside the default. That motion has been briefed and is ready for oral argument and decision.

However, most importantly, at all times subsequent to the entry of default, Ms. Lie has acted as if she is still a participating party in this action and that the entry of default is a legally inconsequential technicality, i.e., an annoying housekeeping matter, that the court will rectify as a matter of rote course.

That is not the plaintiffs' view of the matter.

Among other reasons because, in her motion, Ms. Lie has not presented evidence which demonstrates that her purposeful refusal to appear in this action and answer the First Amended Complaint was not culpable.

There the disagreement between the plaintiffs and Ms. Lie regarding Ms. Lie's status remains joined.

<u>Status of Defendant KIC</u>

As it has at every juncture, in its status report defendant KIC argues that it is befuddled as to why the plaintiffs have filed this action against it because

> [t]his case is at bottom a boundary dispute
> between adjoining land claimants. Defendant KIC
> is caught in the middle as an ANCSA village
> corporation that is responsible for conveying
> legal title when the dust clears, and <u>has no stake
> in the proceeding</u> other than to explain what
> proceedings it has undertaken, and to see that
> justice is done between two of its shareholders.
> (emphasis added).

3

KIC Status Report, at 2.

That self-serving attempt at exculpation reflects a startling lack of understanding of the legal duties that section 14(c) of the Alaska Native Claims Settlement Act, and the regulation the Secretary of the Interior promulgated to guide implementation of section 14(c), <u>see</u> 43 C.F.R. 2650.5-4(c), impose on defendant KIC.

The plaintiffs' view of those duties and of defendant KIC's breaches thereof is described in the plaintiffs' motion for summary judgment and is not reiterated here.

DATED: May 23, 2006


s/ Donald Craig Mitchell
_____

DONALD CRAIG MITCHELL
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)
dcraigm@aol.com
Alaska Bar No. 7605046

Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I certify that on May 23, 2006 a copy of Supplemental Status

Report was served electronically on:

John Havelock                Sam Fortier
jehavelock@yahoo.com         sfortier@fortmikk.alaska.com


                              s/ Donald Craig Mitchell
                              _____

                              DONALD CRAIG MITCHELL
                              1335 F Street
                              Anchorage, Alaska 99501
                              (907) 276-1681
                              (907) 276-1681 (Fax)
                              dcraigm@aol.com
                              Alaska Bar No. 7605046

                              Attorney for Plaintiffs

5