**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, )<br>her Next Friend and Daughter, and )<br>KARAN GALLAHORN, )<br> )<br> Plaintiffs, )<br> )<br> vs. )<br> )<br>KIKIKTAGRUK INUPIAT CORP. and )<br>SHARRON LIE, )<br> )<br> Defendants. )<br>_____ ) | 3:05-cv-110 JWS<br><br>ORDER FROM CHAMBERS<br><br>[Re:  Motions at Dockets 30, 47<br>        & 52] |

## I.  MOTIONS PRESENTED

At docket 30, Sharron Lie has filed a motion to set aside the default entered against her at docket 22.  At docket 52, plaintiffs have filed a motion to strike an affidavit attached to the reply Lie filed in support of her motion at docket 30.  Both motions have been fully briefed.  At docket 47, plaintiffs have filed a request for oral argument that is being tracked as a separate motion.  Oral argument would not assist the court and so the request will be denied.

## II. BACKGROUND

Plaintiffs moved for entry of default against Lie on December 12, 2005, on the ground that as of December 9, 2005, Lie had not filed an answer with the court.[1]

---

[1]Doc. 21, pp. 4-5.

Plaintiffs filed their motion despite the fact their counsel already had received a letter from Lie that clearly was intended to serve as her answer to their complaint.[2]  The letter was addressed to this court also, but the court never received it because, as plaintiffs failed to point out, it listed this court's address as "303 K Street, Anchorage, AK, 99501-2084," which is actually the state appellate courts' address.  Lie's failure to use the correct address could be explained by the fact that, at the time, she was living in Kotzebue, Alaska, representing herself, and had been served with a summons that did not disclose this court's address.[3]  Lie's letter was attached to plaintiffs' motion for entry of default, but the Clerk of Court evidently did not appreciate its significance and entered default against Lie on December 12, 2005.

### III.  DISCUSSION

Considering plaintiffs' counsel received the letter Lie intended to serve as her answer to plaintiffs' complaint before he filed the motion for entry of default; the lack of any requirement that her answer take a particular form;[4] the reason her letter did not arrive at this court; and the policy favoring resolution of disputes on the merits;[5] the default entered against her must be lifted.

### IV.  CONCLUSION

For the reasons set out above, the motion at docket 30 is **GRANTED**.  The request for oral argument that is being tracked as a  motion at docket 47 is **DENIED**. The motion to strike at docket 52 is **DENIED** as moot.

DATED at Anchorage, Alaska, this 28th day of June 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE

---

[2]*Id.*, pp. 4-5, ex. 12.

[3]Doc. 13.

[4]Fed. R. Civ. P. 8(e)(1).

[5]*Franchise Holding II*, *LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 924 (9th Cir. 2004).

-2-