DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, )<br>her Next Friend and Daughter, and )<br>KARAN GALLAHORN, )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>vs. 　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>KIKIKTAGRUK INUPIAT CORPORATION, )<br>and SHARRON LIE, 　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　Defendants. )<br>_____) | No. A05-110 CV (JWS) |

PLAINTIFFS' REPLY TO OPPOSITION OF DEFENDANT SHARRON LIE TO
MOTION FOR SUMMARY JUDGMENT ON FIRST CLAIM FOR RELIEF
<u>ALLEGED IN FIRST AMENDED COMPLAINT</u>

    Plaintiffs Mabel Johnson and Karan Gallahorn have moved the

court to enter a summary judgment in their favor on the First

Claim for Relief alleged in their First Amended Complaint.

    The First Claim for Relief, which asserts a cause of action

based on the doctrine of promissory estoppel, is directed toward

defendant Kikiktagruk Inupiat Corporation (KIC), rather than

toward defendant Sharron Lie. Nevertheless, defendant Lie has joined defendant KIC in opposing the motion.

In her opposition memorandum, defendant Lie first argues that the court should deny the motion for summary judgment because the plaintiffs have not demonstrated as a matter of law that they have satisfied each of the required elements of the doctrine of promissory estoppel.

As a threshold matter, the plaintiffs agree with defendant Lie regarding the required elements of the doctrine of promissory estoppel. Compare Jablon v. United States, 657 F.2d 1064, 1068 (9th Cir. 1981)(promissory estoppel test cited by plaintiffs), with Devoll v. Verdict Painting, Inc., 35 F. 3d 408, 411 n. 4 (9th Cir. 2005)(promissory estoppel test cited by defendant Lie).

However, the plaintiffs disagree with defendant Lie's assertion that they have not presented evidence which demonstrates that the plaintiffs have satisfied each required element.

The plaintiffs' evidence, principally in the form of affidavits, speaks for itself; for which reason the court can decide for itself, without further argument here, whether that evidence demonstrates that the plaintiffs have satisfied each required element.

What does merit discussion here is defendant Lie's additional assertion that the evidence the parties have submitted demonstrates that there is a genuine issue regarding a material fact that prevents the court from adjudicating the First Claim for Relief on summary judgment.

In support of that assertion, defendant Lie filed three affidavits.[1] <u>See</u> Clerk's Docket No. 36.

The first affidavit is that of defendant Lie. Because she did not attend and therefore has no personal knowledge of the event, in her affidavit defendant Lie makes no mention of plaintiff Gallahorn's meeting with Bish Gallahorn and Willie Goodwin at which, at Mr. Gallahorn's direction, Mr. Goodwin gave plaintiff Gallahorn the instructions on which she relied when she sited the cabin that plaintiff Johnson had authorized her to construct on the parcel of land on Chairtree Island that defendant KIC will convey to plaintiff Johnson.

The second affidavit is that of Chris Lie, defendant Lie's brother. Because, like defendant Lie, he did not attend and therefore has no personal knowledge of the event, in his

---

[1]Defendant Lie also filed a fourth affidavit in which her attorney authenticates defendant Lie's exhibits.

affidavit Mr. Lie makes no mention of plaintiff Gallahorn's meeting with Messrs. Gallahorn and Goodwin.

The third affidavit is a copy of the affidavit of Willie Goodwin that defendant KIC filed in support of its opposition to the motion for summary judgment. The plaintiffs discussed Mr. Goodwin's affidavit at length in their reply to defendant KIC's opposition memorandum and incorporate that discussion here by reference. <u>See</u> Reply to Opposition of Defendant Kikiktagruk Inupiat Corporation to Plaintiffs' Motion for Summary Judgment, at 4-11.

In addition to her affidavits, plaintiff Lie also filed six exhibits.

<u>Exhibit 1</u>

After defendant KIC decided that, pursuant to section 14(c)(1) of the Alaska Native Claims Settlement Act (ANCSA), it would convey to defendant Lie and her mother, Nina Lie, a one-acre parcel of land on Chairtree Island and would convey to plaintiff Johnson a 80 x 100 foot parcel of land on Chairtree Island, defendant Lie and Nina Lie and plaintiff Johnson appealed those decisions to defendant KIC.

Defendant KIC hired David Hanson to serve as a hearing officer and recommend a decision to defendant KIC regarding each

4

appeal. Defendant Lie's Exhibit 1 is a copy of Mr. Hanson's report (which defendant KIC previously filed as its Exhibit 2).

In her opposition memorandum, defendant Lie cites several snippets from Mr. Hanson's report that she asserts demonstrates that the boundary line between the Lie and Johnson parcels was a subject of the appeals and that Mr. Hanson made a recommendation to defendant KIC regarding the location of the boundary line. See Opposition to Motion for Summary Judgment, at 13-15.

But Mr. Hanson's report speaks for itself. And what the report says is that the subject of defendant Lie and Nina Lie's appeal was their request that defendant KIC convey to them the entirety of Chairtree Island, and that the subject of plaintiff Johnson's appeal was her request that defendant KIC convey to her a one-acre, rather than an 80 x 100 foot, parcel.

Neither defendant Lie and Nina Lie, plaintiff Johnson, nor defendant KIC requested Mr. Hanson to recommend to defendant KIC the location of the boundary line that defendant KIC would have to draw between the Lie and Johnson parcels to enable the Bureau of Land Management to survey the parcels pursuant to 43 C.F.R. 2650.5-4(b) and (c).

For that reason, in both the Findings of Fact and Conclusions and the Hearing Officer Recommendations he submitted

to defendant KIC, Mr. Hanson made no mention of, much less a recommendation regarding, the location of the boundary line.

Exhibit 2

Defendant Lie's Exhibit 2 is a copy of the minutes of a meeting that defendant KIC's board of directors held on March 13, 1995. (The plaintiffs previously filed a copy of the same minutes as their Exhibit 7.)

The minutes indicate that at that meeting the board passed a motion which accepted Mr. Hanson's findings and recommendations by reaffirming defendant KIC's decision to convey to defendant Lie and her mother, Nina Lie, a one-acre parcel of land on Chairtree Island and to convey to plaintiff Johnson an 80 x 100 foot parcel of land on Chairtree Island.

The motion states that both parcels would be located "in the location as identified in the recommendation of KIC staff to the Board of Directors and the report of the Hearing Officer."

But defendant KIC has presented no evidence of the location that the minutes indicate that the board assumed that defendant KIC's staff had recommended. And also contrary to the board's assumption noted in the minutes, as has been discussed, in his report Mr. Hanson did not recommend a specific location for either parcel.

Exhibit 3

Defendant Lie's Exhibit 3 is a copy of a letter, dated March 14, 1995, that Margaret Hansen, the chair of defendant KIC's board of directors, sent to plaintiff Johnson and in which she informed plaintiff Johnson that, on Mr. Hanson's recommendation, defendant KIC had denied her appeal. (The plaintiffs previously filed a copy of Ms. Hansen's letter as their Exhibit 8.) Ms. Hansen's letter contains no information that is relevant to the court's adjudication of the instant motion.

Exhibit 4

Defendant Lie's Exhibit 4 is a copy of a letter, dated December 20, 2002, that Ernest Norton, defendant KIC's land manager, sent to plaintiff Gallahorn <u>five</u> <u>years</u> after plaintiff Gallahorn's meeting with Bish Gallahorn and Willie Goodwin, and <u>four</u> <u>years</u> after plaintiff Gallahorn finished constructing her cabin at the site she located by following Mr. Goodwin's instructions. (The plaintiffs previously filed a copy of Mr. Norton's letter as their Exhibit 10.) Mr. Norton's letter contains no information that is relevant to the court's adjudication of the instant motion.

Exhibit 5

Defendant Lie's Exhibit 5 is a document, dated November 24, 2004, that defendant Lie signed <u>seven</u> <u>years</u> after plaintiff Gallahorn's meeting with Bish Gallahorn and Willie Goodwin, and <u>six</u> <u>years</u> after plaintiff Gallahorn finished constructing her cabin at the site she located by following Mr. Goodwin's instructions. The document contains no information that is relevant to the court's adjudication of the instant motion.

Exhibit 6

According to defendant Lie's affidavit, Exhibit 6 is a copy of a map that defendant KIC gave to her at the time it gave her Exhibit 5.

There is no evidence in the record that identifies who prepared the map or conducted the survey that it purportedly depicts, or describes the methodology the surveyor employed to do so. Nevertheless, in her opposition memorandum defendant Lie baldly asserts that the map was prepared by McClintock & Associates, without stating what McClintock & Associates is, much less documenting its competence to conduct a survey or prepare a map.

The use to which defendant Lie tries to put Exhibit 6
approaches very closely the line that separates advocacy from
disingenuity. According to defendant Lie's opposition memorandum:

> What is significant is that the survey map is drawn
> to scale. The map provides in writing that it is
> drawn to a scale of 1 inch to 60 feet, and it depicts
> the scale graphically. It is, therefore, possible to
> measure distances with some degree of accuracy. The
> distance between the southern wall of the old Johnson
> cabin and the northern wall of the new Gallahorn
> cabin is 2 1/16th inches. Therefore, according to
> the scale, the distance between the most distant
> points of the two structures is 123 feet more-or-
> less. There is no way to fit the two buildings in
> an 80 x 100 foot parcel. Even if Mr. Goodwin drew
> a map that placed the Johnson cabin at the southern
> boundary of the 80 x 100 foot template, Ms.
> Gallahorn's cabin does not fit within it. Thus,
> even if all of the elements of promissory estoppel
> are present, Ms. Gallahorn built outside the
> boundaries contained in the promise.
>
> Mr. Richards and Ms. Gallahorn both affie (sic)
> that they built within Mr. Goodwin's template;
> the survey indicates that they did not. On summary
> judgment motion, this question of fact must be
> resolved in favor of the non-moving party.

Opposition to Motion for Summary Judgment, at 12.

In sum, defendant Lie has represented to this court that in
their affidavits plaintiff Gallahorn and Veron Richards perjured
themselves when in they attested that, as Willie Goodwin
instructed plaintiff Gallahorn to do, they sited plaintiff
Gallahorn's cabin at a location located inside the boundaries of

an 80 x 100 foot rectangle that also includes the old Johnson cabin within those boundaries.

That is a deeply troubling calumny.

The following _arguendo_ is defendant Lie's best case regarding Exhibit 6:

1. McClintock & Associates is a professionally competent survey company.

2. At defendant KIC's direction, McClintock & Associates competently surveyed the exterior boundaries of two parcels of land on Chairtree Island whose boundaries McClintock & Associates marked at locations that defendant KIC had determined.

3. Exhibit 6 is a map that McClintock & Associates prepared to depict the survey it conducted.

4. The map accurately depicts the relationship of each parcel to the other (and to the adjacent slough) at a scale of 1" = 60'.

_Not one_ of those facts is documented in the record.

But even if they were documented, nothing on the face of Exhibit 6 indicates that McClintock & Associates intended its map to be an as-built. I.e., the map does not indicate that the exterior dimensions of the two cabins were drawn to scale, or that the location on the map at which plaintiff Gallahorn's cabin

10

is sited accurately depicts its distance from the old Johnson cabin.

Nevertheless, in her rush to - by whatever means necessary - create a genuine issue of material fact when none exists, defendant Lie accuses plaintiff Gallahorn and Mr. Richards of felonious conduct.

For the reasons above stated, the court should disregard Exhibit 6 and defendant Lie's defamatory accusation regarding it.

<u>Conclusion</u>

In section 14(c)(1) of ANCSA, as amended, Congress decreed that to be entitled to a section 14(c)(1) conveyance of a parcel of land as a subsistence campsite an applicant must present evidence which demonstrates that he or she occupied the parcel for that purpose on December 18, 1971.

In 1992 when defendant KIC in its section 14(c)(1) application form asked defendant Lie and her mother, Nina Lie, to "show <u>all</u> the periods of time you actually used this land" (emphasis added), they informed defendant KIC that September 1960 was the last date on which they used the parcel of land on Chairtree Island for which they were applying. At the end of their application, defendant Lie and Nina Lie also certified to defendant KIC that

11

> The facts given above are true to the best of
> my knowledge. I know and understand that any
> false answers or statements could result in
> the rejection of this application.

<u>See</u> Plaintiffs' Exhibit 2.

Nevertheless, defendant KIC approved the application.

Whether defendant KIC should convey to defendant Lie title to a parcel of land to which she is not entitled pursuant to section 14(c)(1) of ANCSA is a matter between defendant KIC and defendant Lie. But if it wishes to do so, since it owns the entirety of Chairtree Island, defendant KIC can convey an acre of its holdings on the island to defendant Lie without conveying the strip of land under plaintiff Gallahorn's cabin.

But not content to accept a windfall conveyance, defendant Lie has joined defendant KIC in opposing the plaintiffs' motion for summary judgment. However, defendant Lie has presented no evidence which demonstrates that there is a genuine issue of material fact and no legal argument which demonstrates that the plaintiffs are not entitled as a matter of law to the entry of a summary judgment their favor.

For those reasons, the plaintiffs respectfully request the court to grant their motion.

DATED: July 13, 2006

                              s/ DONALD CRAIG MITCHELL

                              1335 F Street
                              Anchorage, Alaska 99501
                              (907) 276-1681
                              (907) 276-1681 (Fax)
                              dcraigm@aol.com
                              Alaska Bar No. 7605046

                              Attorney for Plaintiffs


                        CERTIFICATE OF SERVICE

I certify that on July 13, 2006, I served a copy of Plaintiffs' Reply to Opposition of Defendant Sharron Lie to Motion for Summary Judgment on First Claim for Relief Alleged in First Amended Complaint on:

JOHN HAVELOCK                       SAM FORTIER
Attorney at Law                     Fortier & Mikko
632 Christensen Drive  Suite 100    Suite 304
Anchorage, Alaska 99501             101 W. Benson Blvd.
                                    Anchorage, Alaska 99503


                        s/ DONALD CRAIG MITCHELL

13