MINUTES OF THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

***Johnson v. Kikiktagruk Inupiat Corp.***

THE HONORABLE JOHN W. SEDWICK                          3:05-cv-110 JWS

<u>PROCEEDINGS:          **ORDER FROM CHAMBERS**                  July 21, 2006</u>

     At docket 6, Judge Singleton, to whom this case was then assigned, concluded the court had jurisdiction over plaintiffs' original claim for promissory estoppel. Subsequently, plaintiffs amended their complaint to add a claim they styled "ineligibility for a Section 14(c)(1) conveyance." The court has a continuing obligation to police its jurisdiction. The court doubts whether it may exercise jurisdiction over either claim.

     Plaintiffs cite the federal-question statute for jurisdiction, doc. 12, ¶ 2, thus implying at least one claim "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The promissory estoppel claim concerns defendant Kikiktagruk Inupiat Corporation's ("KIC") position about the location of the boundary between a parcel of land on Chairtree Island used by plaintiffs and another parcel that may have been used by defendant Susan Lie's family. The claim appears to rely on the Alaska Native Claims Settlement Act ("ANCSA"), but plaintiffs' own take on that act undercuts the possibility that the claim actually arises under the act. Plaintiffs assert ANCSA "confer[red] on defendant [KIC] complete and unfettered discretion ... to demark the specific boundaries of the parcel[s]." Doc. 12, ¶ 13. It is unclear why a cause of action to challenge KIC's demarcation would arise under ANCSA if, as plaintiffs suggest, ANCSA established no basis for reviewing the demarcation. The promissory estoppel claim seems to be nothing but a state law estoppel claim.

     The court is mindful of Judge Singleton's decision that jurisdiction exists over the promissory estoppel claim, but it is unconvinced the case he cited is on point. He cited *City of Ketchikan v. Cape Fox Corp.*, 85 F.3d 1381 (9th Cir. 1996), which involved a dispute about whether a piece of land was subject to reconveyance under ANCSA. This court's jurisdictional concerns would be allayed were *Cape Fox* similar to the case at bar, but there appear to be significant differences. The ANCSA provision at issue in *Cape Fox* required Native corporations to re-convey certain types of land, but the provision actually at issue here imposes no requirements, at least according to plaintiffs' interpretation. Jurisdiction depends on the existence of a cause of action arising under federal law, but a provision in a federal law that does not impose requirements is unlikely to give rise to a cause of action.

     Plaintiffs' second claim, titled "ineligibility for a Section 14(c)(1) conveyance," refers to an ANCSA section and so at least sounds like it might present a federal question. That claim is an attack on Lie's entitlement to the parcel her family allegedly used. KIC was awarded that parcel under ANCSA, and KIC determined the act required it to reconvey the parcel to Lie on the ground her family was using it as a subsistence campsite as of December 18, 1971. Plaintiffs assert Lie's family was not using the parcel for that purpose by that date and argue Lie is therefore not entitled to a

reconveyance of the parcel.  However, it is not clear that plaintiffs have standing to challenge KIC's decision.  Absent standing, even though Lie's entitlement depends on federal law, this court would not be able to adjudicate plaintiff's claim.

  For the reasons above, plaintiffs must show cause why this case should not be dismissed for lack of jurisdiction.  They shall file an appropriate memorandum by **August 7**, **2006**.  Defendants may file a response by **August 14**, **2006**.  No reply shall be filed unless requested by the court.

  Oral argument on the motion at docket 16 presently set for July 26, 2006, is hereby **VACATED**, to be re-set if the court concludes that it may exercise jurisdiction.

_____