Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. A05-110 CV (JKS) <br> ) <br> ) <br> ) <br> ) **DEFENDANT SHARON LIE'S** <br> ) **MEMORANDUM IN** <br> ) **OPPOSITION TO PLAINTIFFS'** <br> ) **RESPONSE TO ORDER FROM** <br> ) **CHAMBERS DATED 7/21/06** |

Plaintiffs' (Plaintiff's or Ms. Gallahorn's) response attempts to morph the first claim for relief into a complaint that will satisfy the jurisdictional requirements, but it is only necessary to review the complaint on its face to refute the effort.

In deciding whether a suit arises under federal law, the court is guided generally by the "well-pleaded complaint rule," under which a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based on federal law.[1] It must present a substantial dispute over effect of federal law, and the result turns

---

[1] *Turgeau v. Administrative Review Board,* 446 F.3d 1052 (9th Cir. 2006).

on federal question.[2] The federal law must be a direct and essential element of plaintiff's cause of action, appearing on the face of the complaint, rather than being inferred from a defense or anticipated defense, and the federal question presented must be "substantial."[3] A substantial proposition of federal law must form a direct and essential element of plaintiff's cause of action for federal jurisdiction to be appropriate.[4]

In the complaint, after extensive recitation of the facts, including KIC's determination that she was entitled to an 80 ft. x 100 ft. subsistence campsite on Chairtree Island, Karan Gallahorn states for her first claim for relief, promissory estoppel. She alleges that the Defendant KIC, through its agent, authorized her to construct a cabin anywhere on an 80 ft. x 100 ft. parcel that included the existing cabin.[5] She does not dispute about the fact that the 80 ft. x 100 ft. parcel included the cabin built by the Johnsons. What is in dispute is whether the subsistence campsite must also include a new house that Ms. Gallahorn constructed.

But, with regard to ANSCA, Plaintiff's First Amended Complaint resolves that very dispute in the negative. It says that:

> Congress intended section 14(c)(1) of the ANSCA to confer on defendant corporation complete and unfettered discretion to decide the number of acres that a 14(c)(1) parcel will contain and to demark this specific boundaries of the parcel.[6]

---

[2] *Guinasso v. Pacific First Federal Savings and Loan Ass'n*, 656 F.2d 1364 (9th Cir. 1981).
[3] *Smith v. Grimm*, 534 F.2d 1346 (9th Cir. 1976).
[4] *Eyak Native Village v. Exxon Corp.*, 25 F.2d 773 (9th Cir. 1994).
[5] Doc. 12, para. 41.
[6] Document 12, para 13.

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.*, Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order        2

Ms. Gallahorn acknowledges that the subsequent 1976 regulations[7] do not limit the completed and unfettered discretion that section 14(c)(1) of the ANSCA conferred on KIC to determine the number of acres contained in the parcel land that it will convey to an applicant as a subsistence campsite and to demark the boundaries of the parcel.

The July 21, 2006 Order noted that the plaintiff admitted that KIC had complete and unfettered discretion. The court found it unclear why a cause of action to challenge KIC's demarcation would arise under ANSCA if, ANSCA established no basis for review of the demarcation.

Plaintiff now asserts that the court "confused her description for implementing section 14(c)(1) with the question of whether Congress and the Secretary intended a decision that a Village Corporation makes as part of that implementation process to be subject to a judicial review".

Plaintiff's basis for the claim however is not about faulty implementation of the 14(c) process. Rather her complaint alleges promissory estoppel; she was told that she could build a new cabin where she did and, irrespective of KIC's unfettered discretion to make the demarcations, her new cabin should be included within the parcel because KIC implicitly promised that she would receive the ground it was on. Her complaint is to enforce the promise. One problem is that she is in the wrong court, there is no federal law that must be interpreted to decide whether KIC must keep its (alleged) promise.

---

[7] 43 C.F.R. § 2650.5-4(c).

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.*, Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order             3

Put another way, Ms. Gallahorn's complaint is not based on a claim that, under ANCSA, she was entitled to build a new cabin where she did, her claim is that she <u>became</u> entitled to the parcel when she was told (promised) that she could build there and she relied upon it.

Plaintiff cites *City of Ketchikan v Cape Fox Corporation*[8] as authority for the exercise of the court's jurisdiction in this case. As the court noted in its July 21st Order, there are different issues involved. In *City of Ketchikan,* the issue was the corporation's duty to convey a specific parcel under ANCSA 14(c)(1) as a primary place of business, or as a non-profit organization under 14(c)(2). The court had to interpret the meaning and application of those terms to the facts of the case. The interpretation of a federal statute is clearly a federal question and jurisdiction is clear. In the instant case however the question involves the application of the doctrine of promissory estoppel to the facts. The application of promissory estoppel does not raise a federal question. The federal law, ANCSA, is only the backdrop to the case. The resolution of the case does not involve the application of federal law.

The Plaintiff also cites *Donnelly v United States*[9] and *Ogle v Salamatoff Native Association Incorporated*[10] as additional; authority supporting her assertion of federal jurisdiction. In both *Donnelly* and *Ogle*, the court had to assess the reconveyance obligations of 14(c). In this case, however, there is no dispute about whether KIC has an

---

[8] 85 F.3d 1381 (9th Cir. 1996).
[9] 850 F.2d 1313, 1320-1321(9th Cir. 1988).
[10] 906 F. Supp 1321 (D. Alaska 1995).

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.,* Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order         4

obligation under 14(c), KIC does have the obligation. It satisfied that obligation however by agreeing to issue a deed to the plaintiff for an 80 ft. x 100 ft. parcel. There is no federal question left to decide.

The face of the complaint demonstrates that it does not arise under federal law. There is no substantial dispute over the effect of ANCSA and the result does not turn on a federal question. ANCSA is not a direct and essential element of her cause of action it is only the background to the alleged promise. There is no substantial proposition of federal law that forms a direct and essential element of her cause of action that makes federal jurisdiction appropriate. The claim is not based on KIC's implementation of ANCSA. Ms. Gallahorn has alleged a garden variety of state law action (albeit, one with many flaws).

Plaintiff's second claim for relief is flawed because she has not shown that the action she complains of has caused her an injury-in-fact. Plaintiff argues that she has standing to seek adjudication of her second claim for relief because she suffered an injury-in-fact caused by KIC's decision that the Lies were entitled to receive a one acre parcel that included her new cabin. But, as alleged in her complaint, Plaintiff's claim to the new cabin site is a claim based on promissory estoppel. Her complaint does not allege that she is entitled to the new cabin site based on ANCSA Section 14(c)(1). Plaintiff's injury-in-fact stems from KIC's failure to keep its alleged promise.

KIC's adjudication of the Lie's 14(c)(1) claim has no bearing on its alleged promise to the Ms. Gallahorn. As alleged in her complaint, the promise was made <u>after</u>

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.*, Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order            5

KIC's decision on Lie's subsistence campsite. KIC's alleged promise does not call into question the validity of KIC's determination regarding the Lies. The injury-in-fact, therefore, does not come from the 14(c)(1) adjudication and thus, under the authority she cites, she lacks standing to challenge KIC's decision.

Although the first complaint for relief is for promissory estoppel which does not invoke federal jurisdiction and there is no jurisdiction for the second cause of action because Plaintiff suffered no injury in fact, what Plaintiff is actually seeking is federal judicial review of KIC's decision regarding the size and shape of her subsistence campsite. While the Plaintiff's admission regarding the unfettered discretion of the corporation to establish the size of the entitlement and to locate its boundaries is problematic for the outcome of such a review, the fact is that the time for judicial review is not yet ripe. Under 43 U.S.C. § 1632(b) judicial review is not available unless it is initiated within one year after the date of the filing of the map of boundaries. Until the map of boundaries is filed there is no final action to review and judicial action is unwarranted.

A one year window in which to seek judicial makes perfect sense and a bar on filing an action for review prior to that time is beneficial to all. A one year window allows Native corporations, many of which are very small and run on a shoestring, to address all of the issues raised by its 14(c) decisions at the same time. It permits consolidation of the various grievances where appropriate and allows the corporation to make the most efficient use of its limited resources in addressing reconveyance issues.

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.*, Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order        6

Also, since the BLM is required to sign off on the map of boundaries another layer of review is provided prior to the time that the corporation's decisions can be considered final. *Ogle v. Salamatoff Native Association Inc.*[11] found that Congress intended Section 902(b) of ANILCA (43 § U.S.C. 1632(b)) as a condition precedent to seek judicial review. The court's Conclusion states that:

> [I]f resolution at the village level was unsuccessful [the 14(c) claimant would] <u>seek judicial review in the short time permitted after filing the map of boundaries.</u> Salamatoff's filing of the map of boundaries is most properly viewed as the village's last and final decision regarding pending claims.[12]

The time for judicial review is after the map of boundaries has been filed.

The Plaintiff chose how and when to frame her complaint and now must live with the consequences. She chose to base her claim on promissory estoppel rather than to wait until the map of boundaries was filed so that she could bring the challenge that is authorized by the statute. Having made that choice, Ms. Gallahorn is compelled to bring her action in the proper court at the proper time. Her complaint should be dismissed.

DATED at Anchorage, Alaska this 14th day of August 2006.

        FORTIER & MIKKO, P.C.
        Attorneys for Defendant
        Sharron Lie

        By:   /s/ Samuel J. Fortier
              Samuel J. Fortier
              ABA No. 8211115

---

[11] 906 F.Supp 1321 (D. Alaska 1995)(emphasis added).
[12] *Ogle*, 906 F. Supp at 1331.

*Johnson, et al. v. Kikiktagruk Inupiat Corp., et al.*, Case No A05-110 CV
Lie's Opposition to Plaintiffs' Response to Order       7

**Certificate of Service**
I hereby certify that a true and correct copy of the following document has been sent electronically and via US mail this 14[h] day of August 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501


/s/ Samuel J. Fortier
Fortier & Mikko

FORTIER & MIKKO, P.C.   A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304
ANCHORAGE, ALASKA 99503
TELEPHONE (907) 277-4222   FAX LINE (907) 277-4221