UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, | ) ) ) ) | |
| Plaintiffs, | ) ) | 3:05-cv-110 JWS |
| vs. | ) ) | ORDER FROM CHAMBERS |
| KIKIKTAGRUK INUPIAT CORP. and SHARRON LIE, | ) ) ) | [Re: Responses to Order to Show Cause at Docket 69; Motion at docket 16] |
| Defendants. | ) ) | |

## I. MATTER PRESENTED

At docket 69, in pursuit of its duty to assure that it has subject matter jurisdiction, the court ordered plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction under 28 U.S.C. § 1331, which is the only jurisdictional basis they rely on. At docket numbers 70, 72, and 73, plaintiffs and defendants have filed responses to the court's order.

## II. DISCUSSION

Through 28 U.S.C. § 1331, Congress vested in federal district courts jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." An action arises under federal law if the "'complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on

resolution of a substantial question of federal law.'"[1]  Plaintiffs' complaint does not meet that test.

Plaintiffs' first claim is for promissory estoppel.  They seek to enforce a promise that defendant Kikiktagruk Inupiat Corporation ("KIC") allegedly made about the boundaries of land it had determined it was required to convey to plaintiff Mabel Johnson under 42 U.S.C. § 1613(c)(1).  Plaintiffs argue they have a cause of action under Section 1613(c)(1) to enforce KIC's supposed promise about the land's boundaries and cite case law in support of that argument.  However, as the court explained in its order at docket 69, and as defendant Sharron Lie demonstrates in her response at docket 73, those cases are not on point.  They implicitly acknowledge Section 1613(c)(1) creates a cause of action to challenge Native corporation decisions on an entity's eligibility to receive conveyances of land.  But they do not recognize that section as creating a cause of action to contest Native corporation decisions on the boundaries of land that is conveyed to another.

Plaintiffs cite *Jablon v. United States* for further support of the idea that federal law creates a promissory estoppel claim, but that case is inapposite.  The *Jablon* court observed that a federal law, 28 U.S.C. § 1346(a)(2), creates a federal cause of action for breach of contract against the United States.[2]  Nowhere, however, did the court suggest that or any other federal law creates a federal cause of action for promissory estoppel against either federal or non-federal actors.

Besides failing to show their promissory estoppel claim is created by federal law, plaintiffs also have not demonstrated it depends on resolution of a substantial question of federal law.  They cite the Alaska Native Claims Settlement Act, but as Lie points out,

---

[1] *Empire Healthchoice Assurance, Inc.* v. *McVeigh*, 126 S.Ct. 2121, 2131 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.1, 27-28 (1983)).

[2] 657 F.2d 1064, 1065 (9th Cir. 1981).

it is not necessary to apply or interpret that law to resolve the promissory estoppel claim.[3]

The manner in which plaintiffs describe their second claim as "ineligibility for a Section 14(c)(1) conveyance" makes it sound as if they have a claim which must at least involve a substantial question of federal law – whether Lie is eligible for a conveyance of land from KIC under 42 U.S.C. § 1613(c)(1). But, plaintiffs have not shown they have a right to relief regarding Lie's eligibility. They have not cited any authority supporting a cause of action–federal or state–enabling them to test KIC's decision with respect to Lie's eligibility, and the court knows of none.

Plaintiffs' second claim suffers another flaw. Even if there actually were a law creating a cause of action to support the second claim, plaintiffs could not have standing to assert it. Such a claim would be a challenge to Lie's eligibility to receive a conveyance, but plaintiffs have suffered no injury which was caused by KIC's decision that she is eligible. Rather, their alleged injury flows from KIC's subsequent actions regarding boundaries. Yet, plaintiffs have specifically pled as part of their claim that ANCSA "confer[red] on defendant [KIC] complete and unfettered discretion . . . to demark the specific boundaries of the parcel[s]."[4] Accepting the claim as pled leaves this court with utterly no criteria by which it could evaluate KIC's boundary decision, and in effect, therefore, with no power to do so. Evidently, plaintiffs believe that in the absence of any other criteria, a federal court can create its own. This court is not aware of any general proposition to that effect and it notes in certain areas of the law, the opposite is true.[5]

Finally, as counsel for Lie points out, even if this court might review a boundary determination, KIC's determination in this case is not ripe for review, because the official

---

[3]Doc. 73, pp. 4-5.

[4]First Amended Complaint, doc. 12 at ¶ 13 and ¶ 45 (incorporating ¶ 13 and others into the Second Claim for Relief).

[5]*See*, *e.g.*, *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 890 (9th Cir. 2004) (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)) (Administrative Procedure Act precludes judicial review "where statutes are drawn in such broad terms that in a given case there is no law to apply").

map of boundaries has not been completed. Until that happens, plaintiffs' second claim–if it exists–is not ripe for review by a court under the statute controlling judicial review of Section 1613(c) conveyances.[6]

### III.  CONCLUSION

For the reasons set out above, in its original order at docket 69 and in Lie's memorandum at docket 73, the court concludes it lacks jurisdiction over this action. Accordingly, it is **DISMISSED**.

The Clerk will please cease tracking the motion at docket 16.

DATED at Anchorage, Alaska, this 18th day of August 2006.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[6] 43 U.S.C. § 1632(b).  The discussion in Lie's memorandum, doc. 73 at pp. 6-7 elaborates the policy behind the establishment of a ripeness criterion in the statute.