Samuel J. Fortier
FORTIER & MIKKO, P.C.
101 W. Benson Blvd., Ste 304
Anchorage, AK 99501
Phone (907) 277-4222
Fax (907) 277-4221
Attorneys for Sharron Lie

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Debra Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE,<br><br>Defendants. | Case No. A05-110 CV (JWS)<br><br>**REPLY TO THE OBJECTION TO BILL OF COSTS** |

Ms. Lie, the Defendant, sought costs, pursuant to this Court's Order dismissing Plaintiffs' claims on the basis of subject matter jurisdiction. Plaintiffs have objected to the Bill of Costs, asserting that this Court, if it lacks subject matter jurisdiction, may not award costs and attorneys' fees, citing *Miles v. State of California*.[1]

Plaintiffs ignore 28 U.S.C. § 1919. That statute provides: "Whenever any action or suit is dismissed in any district court ... for want of jurisdiction, <u>such court may order the payment of just costs</u>." Thus, even if Ms. Lie is not a prevailing party, pursuant to

---

[1] 320 F.3d 986 (9th Cir. 2003).

Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1, she is, nonetheless, entitled to an award of just costs, pursuant to 28 U.S.C. § 1919. Ms. Lie, therefore, requests that the Court consider this submittal, pursuant to 28 U.S.C. § 1919.

The Ninth Circuit has noted, previously, that 28 U.S.C. § 1919 is an express statutory exception that allows the award of court costs and expenses in the absence of subject matter jurisdiction.[2] As the Ninth Circuit noted in *Gater Com. Corp. v. L.L. Bean, Inc.*,[3] "L.L. Bean would have been entitled to costs if we had affirmed the district court's dismissal. *See* 28 U.S.C. § 1919 (authorizing the district court to award just costs when a case is dismissed for lack of jurisdiction)."[4] Moreover, in *Miles*,[5] the Ninth Circuit noted that, even though Civil Rule 54(d) is not invoked in an award of costs for lack of subject matter jurisdiction, it is nonetheless proper for the court to award just costs, and such a decision does not turn on prevailing party status.[6]

For these reasons, it would not be an abuse of discretion to award Ms. Lie her costs. An award of costs, in the words of the United States Supreme Court, is "expressly authorized."[7]

---

[2] *Tournajian v. Frailey*, 135 F.3d 648, n. 6 (9th Cir. 1998); *see also Willy v. Coastal Corp.*, 503 U.S. 131, 112 S.Ct. 1076, 1079, n. 2 (1992) (allowing sanctions on dismissal for want of jurisdiction and noting 28 U.S.C. § 1919 as "authorizing payment of just costs in any action or suit dismissed for lack of jurisdiction.")
[3] Gater Com. Corp. v. L.L. Bean, Inc., 398 F.3d 1125 (9th Cir. 2005).
[4] *Id.* 398 F.3d 1139.
[5] 320 F.3d 988 (9th Cir. 2003).
[6] *Id.*
[7] *Willy*, 112 S.Ct. 1079, n. 2.

DATED at Anchorage, Alaska this 7th day of September 2006.

> FORTIER & MIKKO, P.C.
> Attorneys for Defendant Sharron Lie
>
> By: /s/ Samuel J. Fortier
> Samuel J. Fortier
> 101 W. Benson Blvd., Suite 304
> Anchorage, AK 99503
> Phone: (907) 277-4222
> Fax: (907) 277-4221
> Email: fortmikk@ak.net
> Alaska Bar No. 8211115

**Certificate of Service**
I hereby certify that a true and correct copy of the following document has been sent electronically and via US mail this 7th day of September 2006.

Donald C. Mitchell
1335 F Street
Anchorage, AK 99501

John E. Havelock
Law Offices
632 Christensen Drive #100
Anchorage, AK 99501

/s/ Samuel J. Fortier
Fortier & Mikko

FORTIER & MIKKO, P.C. A PROFESSIONAL CORPORATION 101 W. Benson Blvd., Suite 304 ANCHORAGE, ALASKA 99503 TELEPHONE (907) 277-4222 FAX LINE (907) 277-4221