DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN,<br><br>       Plaintiffs,<br><br>vs.<br><br>KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 3:05-cv-110 JWS<br>)<br>)<br>)<br>)<br>) |

RESPONSE TO REPLY TO OBJECTION TO BILL OF COSTS

Federal Rule of Civil Procedure (FRCP) 54(d) directs a district court to award costs to a "prevailing party", unless the court otherwise directs. 28 USC 1919 authorizes, but does not require, a district court to award costs to a defendant who is not a "prevailing party" if the court dismissed the action in which the defendant was involved "for want of jurisdiction".

The defect in defendant Sharron Lie's eleventh hour attempt to rely on 28 U.S.C. 1919 as the Clerk of Court's authority to approve defendant Lie's Bill of Costs is that the "Judgment in a Civil Case" in which the district court authorized defendant Lie to submit her bill states that an award of costs in this action is "governed by D. Ak. LR 54.1."

And Local Civil Rule 54.1 implements FRCP 54(d), <u>not</u> 28 U.S.C. 1919.

As the Clerk of Court is aware, each of the district court's Local Civil Rules corresponds to a companion Federal Rule of Civil Procedure. For example, Local Civil Rule 4.1, which deals with summons, corresponds to FRCP 4, which deals with summons. Local Civil Rule 41.1, which deals with dismissal of actions, corresponds to FRCP 41, which deals with dismissal of actions. Local Civil Rules 58.1 and 58.2, which deal with judgments, correspond to FRCP 58, which deals with judgments.

And so on.

The fact that the district court intended Local Civil Rule 54.1 to establish the procedure the Clerk of Court is to employ to implement FRCP 54(d), and not some other rule or statute, is further demonstrated by the fact that, consistent with FRCP 54(d), only a "prevailing party" may file a cost bill pursuant to

Local Civil Rule 54.1. And for the reasons the plaintiffs described in their Objection to Bill of Costs, defendant Lie is not a "prevailing party".

For that reason, the Clerk of Clerk has no authority pursuant to Local Civil Rule 54.1 to approve defendant Lie's Bill of Costs.

Finally, it should be noted that the plaintiffs have appealed the district court's Order from Chambers (August 18, 2005) to the circuit court. When the plaintiffs filed their Notice of Appeal, jurisdiction over this action transferred from the district court to the circuit court. See Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979).

As a consequence, if defendant Lie prevails in the plaintiffs' appeal, when the circuit court then remands jurisdiction over this action back to the district court, if she wishes to do so, defendant Lie can at that time move the district court for an award of costs pursuant to 28 U.S.C. 1919. But - because the district court has no jurisdiction to entertain it - defendant Lie may not file such a motion until a remand is made.

DATED: September 7, 2006

s/ DONALD CRAIG MITCHELL

```
                              1335 F Street
                              Anchorage, Alaska 99501
                              (907) 276-1681
                              (907) 276-1681 (Fax)
                              dcraigm@aol.com
                              Alaska Bar No. 7605046

                              Attorney for Plaintiffs
```

CERTIFICATE OF SERVICE

I certify that on September 7, 2006, a copy of Response to Reply to Objection to Bill of Costs was served on:

```
JOHN HAVELOCK                        SAM FORTIER
Attorney at Law                      Fortier & Mikko
632 Christensen Drive  Suite 100     Suite 304
Anchorage, Alaska 99501              101 W. Benson Blvd.
                                     Anchorage, Alaska 99503


                              s/ DONALD CRAIG MITCHELL
```