DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| MABEL JOHNSON, by Deborah Higgins, her Next Friend and Daughter, and KARAN GALLAHORN, <br><br> Plaintiffs, <br><br> vs. <br><br> KIKIKTAGRUK INUPIAT CORPORATION, and SHARRON LIE, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br> No. 3:05-cv-110 JWS |

OPPOSITION TO MOTION TO STRIKE AND NONOPPOSITION TO MOTION TO
<u>FILE SURREPLY</u>

Pursuant to Local Civil Rule 54.1(c), plaintiffs Mabel Johnson and Karan Gallahorn filed an objection to defendant Sharron Lie's Bill of Costs. Defendant Lie responded by filing a Reply to Objection in which defendant Lie abandoned Federal Rule of Civil Procedure (FRCP) 54(d) as the basis for her request for costs, and, for the first time, invoked 28 U.S.C. 1919 as

that basis. The plaintiffs then filed a Response to Reply to Objection to Bill of Costs in which they explained why 28 U.S.C. 1919 is not a proper basis.

Defendant Lie has moved the court to strike the Response to Reply on the ground that the plaintiffs violated Local Civil Rule 7.1 by filing it. But Local Civil Rule 7.1 controls <u>motion</u> practice in this court, <u>not</u> objections to cost bills.

For that reason, the motion to strike should be denied.

As to defendant Lie's motion for leave to file a surreply, and her accompanying Memorandum of Points and Authorities, because the memorandum is a further expression of defendant Lie's views regarding the plaintiffs' objections to defendant Lie's Bill of Costs (rather than a response to a motion), the plaintiffs believe that defendant Lie may file her memorandum without first obtaining leave from the court to do so.

In any case, the plaintiffs do not object to the filing by defendant Lie of her memorandum.

However, with respect to the argument contained therein, defendant Lie's reliance on Federal Rule of Appellate Procedure (FRAP) 4(a)(4) is misplaced.

On August 18, 2006 the court issued an Order from Chambers dismissing this action and on August 21, 2006 issued its

Judgment. See Clerk's Docket Nos. 74-75. On August 29, 2006 defendant Kikiktagruk Inupiat Corporation (KIC) filed a motion for attorney's fees. See Clerk's Docket No. 76. On August 30, 2006 the plaintiffs filed a Notice of Appeal. See Clerk's Docket No. 78. On August 31, 2006 defendant Lie filed a motion for attorney's fees. See Clerk's Docket No. 76.

Pursuant to FRCP 54(d)(2), both motions for attorney's fees were timely. But neither motion extended, stayed, delayed, or in any other way affected the plaintiffs' obligation to file their Notice of Appeal within thirty days of the date of the court's entry of its judgment. See Budinich v. Becton Dickinson & Company, 486 U.S. 196, 202-05, 108 S.Ct. 1717, 1722, 100 L.Ed.2d 178 (1988)(noting that a decision on the merits is a "final decision" for the purpose of filing a Notice of Appeal "whether or not there remains for adjudication a request for attorney's fees attributable to the case").

While it is true that, if in this court a party files one of the motions listed in FRAP 4(a)(4), the time to file a Notice of Appeal may not begin to run until the court disposes of the motion, the motions for attorney's fees that have been filed in this action are not FRAP 4(a)(4) motions because a motion for attorney's fees is a FRAP 4(a)(4) motion only "if the district

court extends the time to appeal under [FRCP] 58"; which this court has not done.

In summary, as the plaintiffs pointed out in their Response to Reply to Objection to Bill of Costs, jurisdiction of this action transferred to the circuit court when the plaintiffs filed their Notice of Appeal. As a consequence, while the district court retains jurisdiction for the collateral purpose of deciding the pending motions for attorney's fees, it has no jurisdiction to entertain new motions, including a motion by defendant Lie for an award of costs pursuant to 28 U.S.C. 1919, until the circuit court remands jurisdiction back to the district court.

DATED: September 11, 2006

                                s/ DONALD CRAIG MITCHELL
                                   1335 F Street
                                   Anchorage, Alaska 99501
                                   (907) 276-1681
                                   (907) 276-1681 (Fax)
                                   dcraigm@aol.com
                                   Alaska Bar No. 7605046

                                   Attorney for Plaintiffs

<u>CERTIFICATE OF SERVICE</u>

I certify that on September 11, 2006, a copy of Opposition to Motion to Strike and Nonopposition to Motion to File Surreply was served on:

| | |
|---|---|
| JOHN HAVELOCK<br>Attorney at Law<br>632 Christensen Drive  Suite 100<br>Anchorage, Alaska 99501 | SAM FORTIER<br>Fortier & Mikko<br>Suite 304<br>101 W. Benson Blvd.<br>Anchorage, Alaska 99503 |

            s/ DONALD CRAIG MITCHELL