DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MABEL JOHNSON, by Deborah Higgins, )
her Next Friend and Daughter, and  )
KARAN GALLAHORN,                   )
                                   )
            Plaintiffs,            )
                                   )   No. 3:05-cv-110 JWS
vs.                                )
                                   )
KIKIKTAGRUK INUPIAT CORPORATION,   )
and SHARRON LIE,                   )
                                   )
            Defendants.            )
_____)
```

OPPOSITION TO MOTION BY DEFENDANT KIKIKTAGRUK INUPIAT
CORPORATION FOR ATTORNEY'S FEES

In this court, unless an Act of Congress otherwise directs, each party is required to bear his, her, or its attorney's fees. See Buckhannon Bd. And Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001).

In its motion for an award of attorney's fees, defendant Kikiktagruk Inupiat Corporation (KIC) does not cite a federal statute as authority for its assertion that it is entitled to an award. Rather, defendant KIC asserts that it is entitled to an award pursuant to Alaska Rule of Civil Procedure (ARCP) 82.

In an action in which the court's diversity jurisdiction is invoked pursuant to 28 U.S.C. 1332 to adjudicate a claim grounded in Alaska, rather than in federal, law, as part of its application of Alaska law the court applies ARCP 82 to award the prevailing party his, her, or its attorney's fees. See <u>Ryan on Behalf of Syndicates and Insurance Companies Subscribing to Policy PHP91-4699 v. Sea Air Inc</u>., 902 F. Supp. (D. Ak 1995) (court noting that ARCP 82 "is binding in diversity cases brought in this court").

But in this action the plaintiffs sought to invoke the court's federal question jurisdiction (28 U.S.C. 1331), rather than its diversity jurisdiction (28 U.S.C. 1331). And the <u>only</u> questions the court decided in this action are that

> 1) 28 U.S.C. 1331 does not grant the court subject matter jurisdiction to adjudicate the plaintiffs' first claim for relief, and

2) article III of the U.S. Constitution does not grant the court case or controversy jurisdiction to adjudicate the plaintiffs' second claim for relief.

Those are <u>exclusively</u> federal questions that involved no application by this court of Alaska law to decide.

For that reason, ARCP 82 has no application in this action.

It also should be noted that as part of its analytically contorted effort to persuade the court that ARCP 82 somehow does apply, defendant KIC has represented to the court that

> After the court ruled <u>that jurisdiction existed, for purposes of determining the merits on these state related grounds</u> (promissory estoppel), the parties committed the attorney's work (sic). This work involved the <u>analysis of state law</u> required to prepare and defend under <u>cross-motions for summary judgment</u>, as well as the work leading up to these motions after jurisdiction had been first decided favorably to plaintiffs. Until the court rules that the plaintiffs did not have jurisdiction (sic), the court had provisional jurisdiction to rule on attorneys (sic) fees issues incorporating state rules. (emphasis added).

Actually, when he denied defendant KIC's motion to dismiss, Judge Singleton did not hold that this court had jurisdiction to decide the plaintiffs' first claim for relief even though the claim was grounded in Alaska law. Rather, Judge Singleton decided that "[i]t appears that this Court has federal question

3

jurisdiction to resolve disputes under ANCSA section 14(c)." <u>See</u> Order (August 3, 2005); Clerk's Docket No. 6.

More troubling, when the plaintiffs filed their motion for summary judgment, defendant KIC did not file a cross-motion for summary judgment; for which reason, defendant KIC's representation that its attorney's work on its behalf included researching and writing a cross-motion is a second misrepresentation of the record.

And most troubling of all, in response to the plaintiffs' motion for summary judgment, defendant KIC filed a two-page opposition memorandum whose argument was set out in the following <u>single</u> <u>sentence</u>: "The affidavits of Mr. Goodwin and Mr. Norton, attached hereto make short work of any claim to Summary Judgment so that no extended reply to the Motion is required". <u>See</u> Response in Opposition to Motion for Summary Judgment, at 1; Clerk's Docket No. 37.

In that memorandum, defendant KIC cited no Alaska law, and, indeed, no law at all.

Because it did not, giving defendant KIC the benefit of every doubt, it is, at best, disingenuous for defendant KIC to represent to the court that its attorney's work on its behalf

"involved the analysis of state law required to prepare and defend under cross-motions for summary judgment".

For the reasons set forth above, defendant KIC's motion for attorney's fees must be denied.

DATED: September 11, 2006

        s/ DONALD CRAIG MITCHELL
          1335 F Street
          Anchorage, Alaska 99501
          (907) 276-1681
          (907) 276-1681 (Fax)
          dcraigm@aol.com
          Alaska Bar No. 7605046

          Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on September 11, 2006, a copy of Opposition to Motion by Defendant Kikiktagruk Inupiat Corporation for Attorney's Fees was served on:

| JOHN HAVELOCK | SAM FORTIER |
|---|---|
| Attorney at Law | Fortier & Mikko |
| 632 Christensen Drive Suite 100 | Suite 304 |
| Anchorage, Alaska 99501 | 101 W. Benson Blvd. |
| | Anchorage, Alaska 99503 |

        s/ DONALD CRAIG MITCHELL