DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MABEL JOHNSON, by Deborah Higgins, )
her Next Friend and Daughter, and  )
KARAN GALLAHORN,                    )
                                    )
           Plaintiffs,              )
                                    )   No. 3:05-cv-110 JWS
vs.                                 )
                                    )
KIKIKTAGRUK INUPIAT CORPORATION,   )
and SHARRON LIE,                    )
                                    )
           Defendants.              )
_____ )
```

OPPOSITION TO MOTION BY DEFENDANT SHARRON LIE
<u>FOR ATTORNEY'S FEES</u>

In this court, unless an Act of Congress otherwise directs, each party is required to bear his, her, or its attorney's fees. See <u>Buckhannon Bd. And Care Home, Inc. v. West Virginia Department of Health and Human Resources</u>, 532 U.S. 598, 602, 121 S.Ct. 1835, 1839, 149 L.Ed.2d 855 (2001).

In her motion for an award of attorney's fees, defendant Sharron Lie does not cite a federal statute as authority for her assertion that she is entitled to an award. Rather, defendant Lie asserts that she is entitled to an award pursuant to Alaska Rule of Civil Procedure (ARCP) 82.

In an action in which the court's diversity jurisdiction is invoked pursuant to 28 U.S.C. 1332 to adjudicate a claim grounded in Alaska, rather than in federal, law, as part of its application of Alaska law the court applies ARCP 82 to award the prevailing party his, her, or its attorney's fees. See <u>Ryan on Behalf of Syndicates and Insurance Companies Subscribing to Policy PHP91-4699 v. Sea Air Inc</u>., 902 F. Supp. (D. Ak 1995) (court noting that ARCP 82 "is binding in diversity cases brought in this court").

But in this action the plaintiffs sought to invoke the court's federal question jurisdiction (28 U.S.C. 1331), rather than its diversity jurisdiction (28 U.S.C. 1331). And the <u>only</u> questions the court decided in this action are that

> 1) 28 U.S.C. 1331 does not grant the court subject matter jurisdiction to adjudicate the plaintiffs' first claim for relief, and

> 2) article III of the U.S. Constitution does not grant the court case or controversy jurisdiction to adjudicate the plaintiffs' second claim for relief.

Those are <u>exclusively</u> federal questions that the court did not apply Alaska law to decide.

For that reason, ARCP 82 has no application in this action.

It also should be noted that in her motion (much of which she copied almost verbatim from defendant Kikiktagruk Inupiat Corporation's (KIC) motion for attorney's fees), defendant Lie makes several of the same misrepresentations of fact that defendant KIC made to the court in its motion.

According to defendant Lie's motion, her attorney's work involved <u>the analysis of state law</u> required to prepare and prosecute, <u>under state law</u>, motion practice <u>to reverse a default judgment</u>, and to defend and prosecute <u>cross-motions</u> for summary judgment . . . ." (emphasis added). <u>See</u> Defendant Sharon (sic) Lie's Motion and Memorandum for Attorney's Fees, at 2; Clerk's Docket No. 79.

Actually, the memorandum she filed in support of her motion to set aside the default that had been entered against her presented no "analysis of state law", and the <u>only</u> cases cited

therein were <u>federal</u> decisions. <u>See</u> Memorandum in Support of Motion to Set Aside Default; Clerk's Docket No. 30-1.

Similarly, no <u>cross-motions</u> for summary judgment were filed in this action. The plaintiffs did file <u>a</u> motion for summary judgment to which defendant Lie responded by filing an opposition memorandum that, because a default had been entered against her, she had no right to file. In that opposition memorandum, defendant Lie cited several decisions of the Alaska Supreme Court. But the majority of the cases defendant Lie cited were federal decisions that defendant Lie deemed relevant to respond to a claim for relief grounded in federal law.

Finally, while it is not relevant to the question of whether ARCP 82 controls defendant Lie's motion for an award of attorney's fees, mention should be made of the following argument that defendant Lie has proffered in support of her motion. According to defendant Lie:

> Here, Ms. Lie filed an answer, but Plaintiffs more-or-less insisted upon entry of default. Plaintiffs mad (sic) the litigation far more difficult, procedurally, with additional frivolous motions and oppositions. For instance, notwithstanding that Ms. Lie retained counsel, as Judge Singleton directed, and counsel timely filed a motion for relief from default, Plaintiffs <u>opposed</u> that motion. This opposition was in the face of Plaintiffs' <u>own</u> submittal establishing that Ms. Lie had timely filed her answer. In short, the opposition

> was frivolous and unnecessary. In addition, Plaintiffs moved to strike Ms. Lie's reply, which contained supplemental materials responding to Plaintiffs' frivolous opposition. The motion to strike was also frivolous, as supplemental material is expressly permitted by local rules. (emphasis in original).

See Defendant Sharon (sic) Lie's Motion and Memorandum for Attorney's Fees, at 2-3; Clerk's Docket No. 79.

That misrepresentation of the procedural history of the plaintiffs' dealings with defendant Lie is indicative of the manner in which defendant Lie has conducted herself in this action.

As a threshold matter, the plaintiffs did not "more-or-less insist[]" that defendant Lie be defaulted. Rather, the plaintiffs served defendant Lie with a summons and a copy of the First Amended Complaint on October 18, 2005. See Clerk's Docket No. 13 (green card signed by defendant Lie attached to original copy of the summons); See also Plaintiffs' Exhibit No. 11 (confirmation by U.S. Postal Service that on October 18, 2005 Ms. Lie signed for the envelope that contained her summons and First Amended Complaint).

For reasons known only to defendant Lie, she ignored the summons, did not file an answer by November 7, 2005 when it was

due, and on December 12, 2005 the Clerk of Court entered a default against her. See Clerk's Docket No. 22.

In a letter dated December 2, 2005, which defendant Lie mailed to the Alaska State Courthouse (with a copy to the plaintiffs' attorney), plaintiff Lie asserted that she owns all of Chairtree Island because in 1959 her father purportedly had purchased the island from Fred Morrison, and she professed to have "no idea why [plaintiff] Karan Gallahorn built a cabin on our property . . . . ." See Plaintiffs' Exhibit No. 12.

In the instant motion, defendant Lie now baldly asserts that she intended that letter to be an "answer" to the First Amended Complaint, and complains that the plaintiffs were disingenuous when they believed then, and continue to believe now, that it was nothing of the kind.

After the Clerk of Court entered a default against her, defendant Lie continued to behave as if she was a party by filing an opposition to the plaintiffs' motion for summary judgment that she had no right to file. See Clerk's Docket 36-1.

On January 13, 2006 defendant Lie finally filed a motion that requested the court to set aside the default that had been entered against her. In that motion, defendant Lie offered no evidence which demonstrated, as the decisions of the circuit

6

court require, that she was not culpable in failing to file a timely answer to the First Amended Complaint.

When the plaintiffs in their opposition memorandum pointed out that defect in defendant Lie's motion, defendant Lie attempted to repair the defect post hoc by attaching her own, patently self-serving, affidavit to her reply memorandum. <u>See</u> Clerk's Docket No. 51.

Defendant Lie now disparages the plaintiffs' opposition to her defective motion as "frivolous and unnecessary". And she disparages as "frivolous" the plaintiffs' objection to her attempt to file an affidavit (which she now characterizes as merely "supplemental material") that, according to defendant Lie, was "expressly permitted by local rules." In fact, as the plaintiffs explained in their Reply to Opposition of Sharron Lie to Motion to Strike - <u>see</u> Clerk's Docket No. 56, Federal Rule of Civil Procedure 6(d) and Local Civil Rule 7.1(h)(2) prohibited defendant Lie from filing her affidavit.

In the end, the court set aside the default that had been entered against defendant Lie. But the point here is that defendant Lie's argument that she should be entitled to an award of attorney's fees pursuant to ARCP 82 because the plaintiffs' "frivolous" prosecution of their claims for relief put her

attorney to unnecessary and inappropriate trouble is utter nonsense.

For the reasons set forth above, defendant Lie's motion for attorney's fees must be denied.

DATED: September 13, 2006

                              s/ DONALD CRAIG MITCHELL
                              1335 F Street
                              Anchorage, Alaska 99501
                              (907) 276-1681
                              (907) 276-1681 (Fax)
                              dcraigm@aol.com
                              Alaska Bar No. 7605046

                              Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on September 13, 2006, a copy of Opposition to Motion by Defendant Sharron Lie for Attorney's Fees was served on:

| | |
|---|---|
| JOHN HAVELOCK | SAM FORTIER |
| Attorney at Law | Fortier & Mikko |
| 632 Christensen Drive  Suite 100 | Suite 304 |
| Anchorage, Alaska 99501 | 101 W. Benson Blvd. |
| | Anchorage, Alaska 99503 |

                              s/ DONALD CRAIG MITCHELL