DONALD CRAIG MITCHELL
Alaska Bar No. 7605046
1335 F Street
Anchorage, Alaska 99501
(907) 276-1681
(907) 276-1681 (Fax)

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

```
MABEL JOHNSON, by Deborah Higgins, )
her Next Friend and Daughter, and  )
KARAN GALLAHORN,                   )
                                   )
            Plaintiffs,            )
                                   )   No. 3:05-cv-110 JWS
vs.                                )
                                   )
KIKIKTAGRUK INUPIAT CORPORATION,   )
and SHARRON LIE,                   )
                                   )
            Defendants.            )
_____)
```

OPPOSITION TO MOTION REQUESTING COURT TO DETERMINE SUBMITTALS
FOR ATTORNEY'S FEES AND COSTS PURSUANT TO 28 U.S.C. 1919

On August 18, 2006 the court issued an Order from Chambers in which it dismissed this action on jurisdictional grounds. See Clerk's Docket No. 74. On August 21, 2006 the court filed its Judgment. See Clerk's Docket No. 75. On August 30, 2006 the plaintiffs filed a Notice of Appeal. See Clerk's Docket No. 78. On August 31, 2006 the Clerk of Court transferred the Notice of Appeal and Docket Sheet to the circuit court.

It is a blackletter rule that the filing by the plaintiffs of their Notice of Appeal transferred jurisdiction of this action to the circuit court. See Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir. 1979).

Assuming so, <u>after</u> the Notice of Appeal was filed, and <u>after</u> the Clerk of Court transferred the Notice of Appeal and Docket Sheet to the circuit court, defendant Sharron Lie filed a motion for attorney's fees pursuant to Federal Rule of Civil Procedure (FRCP) 54(d)(2) and Local Civil Rule 54.3. See Clerk's Docket No. 79. But since, as FRCP 54(d)(2)(B) provides, defendant Lie filed her motion for attorney's fees within fourteen days of the date the court filed its judgment, this court retains jurisdiction to decide that motion.

In her motion for attorney's fees defendant Lie did <u>not</u> seek an award of costs. However, pursuant to FRCP 54(d)(1) and Local Civil Rule 54.1, on August 31, 2006 defendant Lie filed a Bill of Costs. See Clerk's Docket No. 80. On September 4, 2006 the plaintiffs filed an objection to the Bill of Costs in which they pointed out that, because defendant Lie is not a "prevailing party" in this action, she is not eligible pursuant to FRCP 54(d)(1) and Local Civil Rule 54.1 to receive an award of costs. See Clerk's Docket No. 86.

As of the date of filing of this memorandum, the court has not issued a decision regarding the "prevailing party" issue. Nevertheless, on September 11, 2006 defendant Lie filed a motion in which she now concedes, albeit implicitly, that she is not a "prevailing party" for the purposes of FRCP 54(d)(1) and Local Civil Rule 54.1 by requesting the court to award defendant Lie her "just costs" pursuant to 28 U.S.C. 1919, which provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court <u>may</u> order payment of just costs." (emphasis added).

Given that the court twice issued orders in which it held that it had jurisdiction to adjudicate the claims for relief alleged in the First Amended Complaint before the court decided <u>sua sponte</u> that it did not have jurisdiction, it would be unfair and inequitable for the court to exercise its discretion and award defendant Lie costs pursuant to 28 U.S.C. 1919.

But the court has no jurisdiction to decide that question until the circuit court decides the plaintiffs' appeal and then transfers jurisdiction over this action back to the district court. For that reason, the instant motion should be denied without prejudice. <u>If</u> defendant Lie prevails in the circuit

court, she can refile her motion after the circuit court remands jurisdiction.

Also, it is significant that defendant Lie apparently agrees with the plaintiffs that the court has no jurisdiction to decide the instant motion, since defendant Lie has asked the court to pretend that the instant motion actually is part of the motion for attorney's fees that defendant Lie filed almost two weeks ago. All that need be said here about defendant Lie's suggestion that the court join her in such a patently dishonest subterfuge is that the suggestion is consistent with the manner in which defendant Lie has routinely disregarded the Federal Rules of Civil Procedure and the decisions of this and the circuit court throughout her involvement in this action whenever she has deemed doing so necessary.

Finally, if this court decides that it has jurisdiction to decide the instant motion notwithstanding the fact that the Clerk of Court has transferred the plaintiffs' Notice of Appeal to the circuit court, and if the court further decides that it would be fair and equitable to exercise its discretion pursuant to 28 U.S.C. 1919 and award defendant Lie her costs, the plaintiffs request that the court direct the Clerk of Court to award defendant Lie only those costs to which she would have been

entitled if, for the purposes of FRCP 54(d)(1) and Local Civil Rule 54.1, defendant Lie had been a "prevailing party" in this action.

DATED: September 13, 2006

```
                              s/ DONALD CRAIG MITCHELL
                                 1335 F Street
                                 Anchorage, Alaska 99501
                                 (907) 276-1681
                                 (907) 276-1681 (Fax)
                                 dcraigm@aol.com
                                 Alaska Bar No. 7605046

                                 Attorney for Plaintiffs
```

CERTIFICATE OF SERVICE

I certify that on September 13, 2006, a copy of Opposition to Motion Requesting Court to Determine Submittals for Attorney's Fees and Costs Pursuant to 28 U.S.C. 1919 was served on:

```
JOHN HAVELOCK                         SAM FORTIER
Attorney at Law                       Fortier & Mikko
632 Christensen Drive  Suite 100      Suite 304
Anchorage, Alaska 99501               101 W. Benson Blvd.
                                      Anchorage, Alaska 99503
```

                              s/ DONALD CRAIG MITCHELL